FRED QUIMBY *vs.* BOSTON & MAINE RAILROAD COMPANY.

Cumberland.     Opinion April 18, 1879.

*Railroad. Approaches thereto. Defect. Liability. Burden of proof.*

A railroad corporation are bound to keep all approaches to their depot, constructed by them and under their control for the use of persons having lawful occasion to use them to go to or from their depot or cars, safe and convenient for such use, even though the same may be within the limits of the highway.

In an action for an alleged injury received in passing over a foot-walk leading to defendants' depot, by reason of the defective condition of the walk, the burden is upon the plaintiff to show that the walk where he received his injury was constructed by the defendant corporation, and was in their possession and control as one of the approaches to their station.

ON REPORT from superior court.  The law court to render such judgment as the law and evidence require.

ACTION in the nature of tort against defendant corporation for negligence of duty in not maintaining in good repair and in a safe, passable condition, their bridges, with their necessary approaches, and the places of access to their depots for the use of passengers. Writ dated December 1, 1877.

Plea, general issue.

The material facts appear in the opinion.

*H. H. Burbank & J. S. Derby,* for the plaintiff.

I. This obligation is imposed by R. S. 1871, c. 51, § 16.  *Watson* v. *Lisbon Bridge,* 14 Maine, 201.  *Parker* v. *B. & M. R. R.,* 3 Cush. 107.  *Commonwealth* v. *Deerfield,* 6 Allen, 449.  *White* v. *Quincy,* 97 Mass. 430.  Shear. & Redf. Neg., § 252–3.

II. Independent of the statute requirements and rights, plaintiff hath this his remedy at common law.  *Murch* v. *Concord R. R.,* 29 N. H. 9.  *Sweeny* v. *Old Colony R. R.,* 10 Allen, 372.  *Elliott* v. *Pray, Id.* 378.  *Carlton* v. *Franconia Iron Co.,* 99 Mass. 216.  *Knight* v. *P. S. & P. R. R.,* 56 Maine, 244.  *Barrett* v. *Black, Id.* 504.  *Tobin* v. *P. S. & P. R. R.,* 59 Maine, 183.  *Campbell* v. *Portland Sugar Co.,* 62 Maine, 552.

III. Slipperiness alone on a horizontal plane may not be

deemed a defect; but the defect here alleged was both structural and superficial. This very construction (an inclined plane) imposed an additional burden of safety and convenience upon the company. Their liability arises from their neglect to exercise suitable and reasonable precautions to prevent injury. *Elliott* v. *Pray,* 10 Allen, 378. Shear. & Redf. Neg., § 442. And cases *supra.* This point would seem to be sustained by recent authorities. *Morse* v. *Boston,* 109 Mass. 446. *McAuley* v. *Boston,* 113 Mass. 505.

*W. L. Putnam,* for the defendants.

LIBBEY, J. This is case against the defendants for an injury alleged to have been received December 30, 1876, in passing over a foot-walk leading from York street, in Portland, to the defendants' depot, by reason of the defective condition of the walk. The defects alleged are the steepness of the grade of the walk, and its slippery condition by reason of snow and ice thereon.

A railroad corporation are bound to keep their depot and the grounds around it, owned by the corporation, or in their possession and used in connection with it, safe and convenient for persons who have lawful occasion to use them. *Knight* v. *P. S. & P. R. R. Co.,* 56 Maine, 234.

They are bound to keep all approaches to their depot, constructed by them and under their control, for the use of persons having lawful occasion to use them to go to or from their depot or cars, safe and convenient for such use, even though the same may be within the limits of the highway. *Tobin* v. *P. S. & P. R. R. Co.,* 59 Maine, 183.

The burden is on the plaintiff to show that the walk where he received his injury was constructed by the defendants, and was in their possession and control as one of the approaches to their station.

We think the evidence proves the following facts: In 1872 the defendants located their road into the city of Portland. They were permitted by the city government to cross State street, between York and Commercial streets, and some other streets, by a deep cut, " upon condition said railroad shall construct and always maintain

overhead bridges," and change the grades of thes treets as may be necessary for such bridges, and pay all damages caused by such changes of grade. " Provided and upon conditions that the construction of said bridges, and said changes of grade shall be in all respects satisfactory to the committee on streets, sidewalks and bridges on the part of this board."

In 1872 and 1873 the defendants constructed their road. The north line of its location was about ninety-nine feet from the south line of York street. In the construction of their road across State street, they removed and damaged the sidewalk on the west side of that street, south of York street. In 1873, after the construction of their road, they built an overhead bridge across the street for travel with teams and carriages, and also one for foot travel in connection with the sidewalk, and restored the grade of the street ; and, to restore the condition of the street, built a new sidewalk, south of York street, on the west side of the street, on the same grade as the old one.

In 1874 or 1875, the city raised the grade of the south side of York street about two feet above the grade of State street, and closed all of State street south of York street except the sidewalk ; but the street was not discontinued. After the street and sidewalk were restored by the defendants in 1873, the city resumed control over them and kept the sidewalk in repair. It was a common thoroughfare for foot travel down State street and from York street over defendants' bridge to Commercial street and the Boston & Maine, Eastern, and Maine Central stations. The plaintiff received his injury on said sidewalk about forty feet north of the north line of defendants' location.

Upon this state of facts we think it clear that the defendants were under no obligation to keep the sidewalk in repair north of its location. It was no part of their bridge. It was a part of the public street under the control of the city. The defendants had no right to enter upon it to make any changes or repairs. Their liability ceased when they restored the condition of the street and sidewalk to the acceptance of the city. The sidewalk between the location of the railroad and York street was no more one of the approaches to the defendants' station which they were bound to

keep in repair, than the extension of said walk along State street north of York street used for the same purposes.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.