2010 ME 75

Nicholas W. **BELYEA**

v.

**SHIRETOWN MOTOR INN, LP et al.**

Supreme Judicial Court of Maine.

Argued: May 20, 2010.
Decided: Aug. 10, 2010.

Brett D. Baber, Esq. (orally), Lanham Blackwell, P.A., Bangor, ME, for Nicholas Belyea.

Phillip D. Buckley, Esq., Debra A. Reece, Esq. (orally), Rudman & Winchell, Bangor, ME, for Shiretown Motor Inn, LP and Shiretown Motel, Inc.

Panel: SAUFLEY, C.J., and LEVY, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1] Nicholas W. Belyea appeals from a final judgment entered by the Superior Court (Aroostook County, *Hunter, J.*) granting summary judgment to Shiretown Motor Inn, LP, and Shiretown Motel, Inc. (collectively Shiretown), on Belyea's complaint alleging negligence. Belyea, who was assaulted in Shiretown's parking lot, contends that, although he was not a motel guest, Shiretown nonetheless owed him a legal duty to provide reasonable security on its property. Shiretown argues that it owed no duty to Belyea for the actions of its tenant, The Lounge Down Under, which is located on Shiretown's property and which is where the altercation leading to Belyea's assault began. Shiretown also contends that its allegedly inadequate se-

curity measures could not have been the proximate cause of Belyea's injuries. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Viewed in the light most favorable to Belyea as the nonmoving party, *see Estate of Cilley v. Lane*, 2009 ME 133, ¶ 2, 985 A.2d 481, 483, the summary judgment record establishes the following facts. Shiretown Motel, Inc., is the general partner of Shiretown Motor Inn, LP, which is a limited partnership that owns and operates the Shiretown Motel in Houlton, and leases space on the motel's premises to The Lounge Down Under (the lounge). Marty Gervais is the president and one of eight shareholders of Shiretown Motel, Inc., and the president and sole shareholder of The Lounge Down Under, Inc., which operates the lounge and a fitness center. He has been the general manager of the motel since the early 1980s.

[¶ 3] On the night of February 17, 2006, Belyea and a friend parked the friend's car in the Shiretown Motel parking lot and went to the lounge. There he encountered Ryan Finnemore and Dustin Cullins. An altercation ensued during which Finnemore assaulted Belyea by punching him once in the face. Bouncers ejected Finnemore and Cullins, but not before they threatened to kill Belyea in the bouncers' presence. Some time later, the bouncers told Belyea and his friend that they would have to leave; they did not escort Belyea to his car. As Belyea was leaving the lounge, Finnemore approached a bouncer at the door and asked if "that [s.o.b.] was still in there"; the bouncer told him that Belyea had left.

[¶ 4] While in the motel parking lot and walking to his friend's car, Belyea was assaulted by Finnemore and Cullins and sustained serious injuries. The motel does not have security staff or cameras and does not conduct regular security patrols of the parking lot. On the night of this incident, no Shiretown employee was working at the lounge.

[¶ 5] In April 2006, Belyea filed suit against Shiretown, The Lounge Down Under, Inc., Finnemore, and Cullins. Following the discovery period, Shiretown and The Lounge Down Under moved for summary judgment. In December 2008, the Superior Court granted Shiretown's motion and entered summary judgment in its favor; the court later certified the judgment as final pursuant to M.R. Civ. P. 54(b)(1). The Lounge Down Under's motion was denied. Finnemore and Cullins both defaulted and the court entered judgment against them. This appeal followed.

## II. DISCUSSION

[¶ 6] In order to avoid summary judgment for Shiretown, Belyea must establish a prima facie case for each element of his negligence cause of action: "a duty owed, a breach of that duty, and an injury ... that is proximately caused by a breach of that duty." *Stanton v. Univ. of Me. Sys.*, 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049; *Addy v. Jenkins, Inc.*, 2009 ME 46, ¶ 8, 969 A.2d 935, 938. Whether Shiretown owed Belyea a duty of care is a matter of law reviewed de novo. *Id.* ¶ 8, 773 A.2d at 1049; *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733, 738. In conducting that review, we view the evidence in the light most favorable to Belyea as "the non-prevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Beal*, 2010 ME 20, ¶ 11, 989 A.2d at 738 (quotation marks omitted); M.R. Civ. P. 56(c).

[¶ 7] Belyea contends that, because he was lawfully in the motel's parking lot at the time he was assaulted, Shiretown owed him a duty to provide adequate security. The Superior Court found that, although Shiretown would have owed Belyea a duty of reasonable care to protect him against assault by third parties if he were a guest of the motel, it owed him no such duty when he was merely a patron of Shiretown's tenant, the lounge.

[¶ 8] The court correctly recognized that "[a] proprietor of an inn, hotel, [or] motel ... is liable for an assault upon a guest or patron by [a] ... third person where he has reason to anticipate such assault, and fails to exercise reasonable care under the circumstances to prevent the assault or interfere with its execution." *Kaechele v. Kenyon Oil Co., Inc.*, 2000 ME 39, ¶ 8, 747 A.2d 167, 170 (quotation marks omitted); *see Estate of Cilley*, 2009 ME 133, ¶ 17, 985 A.2d at 487 (stating that innkeeper-guest relationship is a special one giving rise to an affirmative duty to protect).

[¶ 9] Absent such a special relationship, there is no general duty to protect:

> [I]n instances of nonfeasance rather than misfeasance, and absent a special relationship, the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant. Only when there is a "special relationship," may the actor be found to have a common law duty to prevent harm to another, caused by a third party. There is simply no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless ... a special relation exists....

*Bryan R. v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 1999 ME 144, ¶ 14, 738 A.2d 839, 845 (footnote omitted) (citation omitted) (quotation marks omitted); *see Jackson v. Tedd–Lait Post No. 75, Am. Legion*, 1999 ME 26, ¶ 8, 723 A.2d 1220, 1221; *Hughes v. Beta Upsilon Bldg. Ass'n*, 619 A.2d 525, 527 (Me.1993) ("[A] duty [to affirmatively protect] does not arise from the opportunity to control [an] activity. It arises only from a relationship that society recognizes as sufficient to create the duty.").

[¶ 10] Belyea contends that the court erred in differentiating the duty of care owed to him as a patron of the lounge who was lawfully on the motel's property from that enjoyed by a motel guest because Maine has abolished the distinction between licensees and invitees when determining the duty of care owed by a landowner. He points to *Poulin v. Colby College*, where we held that "an owner or occupier of land owes the same duty of reasonable care in all the circumstances to all persons lawfully on the land." 402 A.2d 846, 851 (Me.1979). We also noted, however, that "[t]his [duty] does not require an owner or occupier to insure the safety of his lawful visitors," but rather requires only that licensees be given the same protection previously afforded to invitees, *id.* at 851, namely "the positive duty of exercising reasonable care in providing reasonably safe premises for their use," *id.* at 848.

[¶ 11] Belyea fails to recognize the distinction between the general duty to provide reasonably safe premises, owed to all persons lawfully on the land (which applies to him in this matter), and the *heightened* duty owed by an innkeeper to his guest, based on a special relationship, to proactively prevent an assault on the guest if it is reasonably foreseeable. *Kaechele*, 2000 ME 39, ¶ 8, 747 A.2d at 170; *Brewer v. Roosevelt Motor Lodge*, 295 A.2d 647, 651 (Me.1972). Belyea mistakenly

asks us to apply this heightened duty, to which he is not entitled.

[¶ 12] Applying the general duty of care to provide reasonably safe premises, to which Belyea is entitled, we conclude that on these facts, Shiretown did not owe him a duty to have special security measures in place in its parking lot. Shiretown did not create, permit, or maintain an inherently dangerous situation; it merely operated a parking lot next to its business in Houlton, Maine. The summary judgment record is devoid of any substantive evidence suggesting that the parking lot was unsafe in any particular regard. On the night of the assault, Belyea was arguably unsafe, but the source of the danger was the presence of two individuals who intended to do harm to him, not any inherent condition or circumstance of the parking lot. If a foreseeable risk made the parking lot generally unsafe for individuals lawfully upon the premises, a duty to protect might be established. On this record, however, Belyea's expert's conclusory statement to that effect is insufficiently supported to reach that result.

[¶ 13] Alternatively, Belyea argues that Shiretown owed him a heightened duty of care based on an innkeeper-guest special relationship because, he contends, Shiretown and the lounge where he was a patron are effectively the same entity. Belyea asserts that is so because shared ownership and management binds the businesses together beyond a simple landlord-tenant relationship. We note at the outset that a landlord's "mere ability to control [an activity of its tenant] does not give rise to a legal duty." *Hughes*, 619 A.2d at 527; *see Silverman v. Usen*, 128 Me. 349, 353, 147 A. 421, 422 (1929) ("[I]t is elementary that a lessor as such is not liable for the negligence of his lessee.").

[¶ 14] We conclude, as did the trial court, that there is an insufficient factual basis in the record to support Belyea's assertion that Shiretown should be held vicariously liable for the alleged negligence of the lounge. The sole source of Belyea's "integrated operation" theory is one sentence in an affidavit executed by his proffered security expert, Donald Greene, who averred, "The Lounge Down Under and the Shiretown Motel share common, ownership, management and property including parking lots, and other facilities." In contrast to Greene's conclusion, Belyea admitted that only one of the shareholders of Shiretown Motel, Inc., is involved with the lounge; the lounge leases space from Shiretown; neither the lounge's manager nor any of its employees on the night that Belyea was assaulted were employees of Shiretown; generally Shiretown is not kept aware of the lounge's activities; and Shiretown does not pay any of the lounge's expenses. To counter the statement in the affidavit of Marty Gervais that "Shiretown is in the business of operating a hotel; it is not in the business of operating ... the lounge," Belyea offered only the same unfounded, conclusory statement from Greene.

[¶ 15] When considering the summary judgment record, "[a] judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation." *Stanton*, 2001 ME 96, ¶ 6, 773 A.2d at 1049 (quotation marks omitted). Maine Rule of Civil Procedure 56(e) requires that in a summary judgment proceeding, "[s]upporting and opposing affidavits shall be made on personal knowledge ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Greene's affidavit lacked the necessary foundation to establish that he had personal knowledge of

Shiretown's corporate practices that would allow him to testify that Shiretown and the lounge were legally indistinguishable. Further, Green's credentials do not provide a basis for him to offer opinions on issues of law. Accordingly, the Superior Court did not err in rejecting the "integrated operation" theory as a rationale for Belyea's argument that Shiretown owed him a duty of care based on an innkeeper-guest special relationship.

[¶ 16] Finally, because we conclude that on this record, Belyea did not establish a prima facie case that Shiretown owed him a duty of care, we do not reach Shiretown's argument that its conduct could not have been the proximate cause of Belyea's injuries.

The entry is:

Judgment affirmed.