2011 ME 88

**Marilyn R. DAVIS**

v.

**R C & SONS PAVING, INC.**

Supreme Judicial Court of Maine.

Argued: May 10, 2011.

Decided: Aug. 11, 2011.

Sheldon J. Tepler, Esq. (orally), Christian J. Lewis, Esq., Hardy, Wolf & Downing, P.A., Lewiston, ME, for Marilyn Davis.

Jonathan W. Brogan, Esq. (orally), Kristina M. Balbo, Esq., Norman, Hanson & DeTroy, LLC, Portland, ME, for R C & Son Paving Company.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

Majority: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

Concurrence/Dissent: SILVER, and JABAR, JJ.

GORMAN, J.

[¶ 1] Marilyn R. Davis appeals from a summary judgment in favor of R C & Sons Paving, Inc. entered in the Superior Court (Androscoggin County, *MG Kennedy, J.*) on Davis's complaint seeking relief for injuries she sustained when she fell in her employer's parking lot, which R C & Sons had agreed to plow and sand. On appeal, Davis contends that summary judgment was improper because the court erred as a matter of law in determining that R C & Sons owed her no duty of care. We disagree with her contention and affirm the judgment.

## I. BACKGROUND

[¶ 2] The following facts, viewed in the light most favorable to Marilyn R. Davis as the nonmoving party, are undisputed and established in the summary judgment record. *See Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 4, 17 A.3d 123, 125.

[¶ 3] On the morning of February 23, 2009, Davis, an employee of St. Mary's Regional Medical Center (SMRMC), was injured when she slipped and fell in a parking lot at SMRMC. SMRMC had contracted with R C & Sons to plow and sand all of its parking areas, and to clean and salt all of its sidewalks. At the time Davis was injured, R C & Sons was still plowing the parking lot but had not sanded it.

[¶ 4] In January 2010, Davis filed a two-count complaint against R C & Sons in

the Superior Court.[1] In the first count, Davis alleged that, as a "direct and proximate result" of R C & Sons' negligence, she had "slipped on negligently treated or untreated ice," and in the second count she alleged that R C & Sons breached its "duty of exercising reasonable care" to "provide reasonably safe premises."

[¶ 5] R C & Sons subsequently filed a motion for summary judgment on Davis's claims, arguing that it did not owe Davis a duty of care. In its supporting memorandum of law, R C & Sons stated:

Although it is not entirely clear from the language of the Complaint, [Davis] appears to be alleging negligence against [R C & Sons] on the basis of premises liability or as a third party beneficiary asserting her rights under the Agreement entered into between [R C & Sons] and St. Mary's.

R C & Sons, referencing section 302 of the Restatement (Second) of Contracts (1981), asserted that it did not owe Davis a duty because she was not a "third party beneficiary" or an "intended beneficiary" of the snow removal agreement.

[¶ 6] In response, Davis argued that R C & Sons did owe her a duty of care as an intended beneficiary pursuant to section 302 of the Restatement. Davis also asserted that R C & Sons owed her a duty because it negligently created a dangerous condition in the parking lot.[2]

[¶ 7] Following a hearing, the court granted a summary judgment in favor of R C & Sons. The court first noted that if R C & Sons, as a non-possessor of the land, had negligently created a dangerous condition on the land, it could be held liable for the reasonably foreseeable harms caused by its negligence. It held, however, that because there was no evidence that R C & Sons had affirmatively created the dangerous condition that led to Davis's injuries, i.e., the snow and ice that had accumulated in the parking lot, R C & Sons had no duty to protect Davis from that dangerous condition.

[¶ 8] The court also concluded, based on section 302 of the Restatement (Second) of Contracts, that "Davis failed to demonstrate that there is any genuine issue of fact with regard to her third-party beneficiary claim." Davis appeals the court's entry of a summary judgment.

## II. DISCUSSION

[¶ 9] We review a grant of summary judgment de novo, viewing the evidence in the light "most favorable to the nonprevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 15, 8 A.3d 677, 680 (quotation marks omitted).

---

1. We presume that 39–A M.R.S. § 104 (2010) bars Davis from bringing a negligence action against her employer, the owner of the property.

2. Davis alleged in Count II of her complaint that R C & Sons breached its "duty to provide reasonably safe premises," which is the duty owed by an owner or occupier of land to those lawfully on the property. *See Belyea v. Shiretown Motor Inn, LP*, 2010 ME 75, ¶¶ 10–11, 2 A.3d 276, 279; *see also Poulin v. Colby*

*Coll.*, 402 A.2d 846, 848–51 (Me.1979). In her response to R C & Sons' motion for summary judgment, however, Davis acknowledged that R C & Sons did not own or possess the property in question, and instead argued that its duty to her and other persons using the parking lot was based on the hazardous conditions it created by failing to sand the parking lot. At oral argument, Davis agreed that R C & Sons was not the possessor of the property.

**[¶ 10]** To survive a defendant's motion for a summary judgment in a negligence action, a plaintiff "must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages." *Quirion v. Geroux,* 2008 ME 41, ¶ 9, 942 A.2d 670, 673 (quotation marks omitted); *cf. Ouelette v. Miller,* 134 Me. 162, 166, 183 A. 341, 343 (1936) ("Actionable negligence arises from neglect to perform a legal duty." (quotation marks omitted)).

**[¶ 11]** Davis argues that the court erred in granting a summary judgment in favor of R C & Sons based on its determination that no tort duty existed. Davis contends that R C & Sons owed her a duty of care because (1) she was a third-party beneficiary of the contract between SMRMC and R C & Sons, and (2) R C & Sons negligently created a dangerous condition by failing to sand the parking lot after plowing it. Whether a plaintiff is owed a duty of care and the scope of that duty are questions of law that we review de novo. *See Gniadek v. Camp Sunshine at Sebago Lake, Inc.,* 2011 ME 11, ¶ 17, 11 A.3d 308, 313; *Belyea v. Shiretown Motor Inn, LP,* 2010 ME 75, ¶ 6, 2 A.3d 276, 278.

### A. Davis's Claim of Duty Arising From Third–Party Beneficiary Status

**[¶ 12]** Section 302 of the Restatement (Second) of Contracts provides:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

We have frequently applied this section to determine whether a plaintiff could assert a contract claim or enforce a contract as a third-party beneficiary. *See Fleet Bank of Me. v. Harriman,* 1998 ME 275, ¶¶ 6–10, 721 A.2d 658, 660–61; *Devine v. Roche Biomedical Labs. (Devine II ),* 659 A.2d 868, 870–71 (Me.1995); *F.O. Bailey Co. v. Ledgewood, Inc.,* 603 A.2d 466, 468–69 (Me.1992); *see also Perkins v. Blake,* 2004 ME 86, ¶¶ 8–9, 853 A.2d 752, 754–55; *Stull v. First Am. Title Ins. Co.,* 2000 ME 21, ¶ 17, 745 A.2d 975, 981 ("Third parties to contracts are strictly limited in their ability to maintain an action under contract law. A third party harmed by a breach may only sue for breach of contract if the contracting parties intended that the third party have an enforceable right." (citation omitted)).

**[¶ 13]** Citing our decisions in *Devine II* and *Denman v. Peoples Heritage Bank, Inc.,* 1998 ME 12, 704 A.2d 411, however, Davis argues that her status as an intended third-party beneficiary of the snow removal agreement between her employer and R C & Sons gives rise to a *tort* duty of care. Given what appears to be confusion over some language from our decisions in *Devine II* and *Denman,* we take this opportunity to clarify that, in each case, we referred to section 302 of the Restatement (Second) of Contracts when discussing contract claims, rather than tort claims.

**[¶ 14]** In *Devine II,* the plaintiff asserted a breach of contract claim against two laboratories, alleging that he was a third-party beneficiary of the contract between one of the laboratories and his former employer, and arguing that his employment had been terminated as a result of

what he claimed was a falsely positive drug test. 659 A.2d at 869; *see also Devine v. Roche Biomedical Labs., Inc. (Devine I),* 637 A.2d 441, 443–45 (Me.1994). Applying section 302 of the Restatement (Second) of Contracts, we concluded that the plaintiff could not proceed as a third-party beneficiary on his breach of contract claim. *Devine II,* 659 A.2d at 870–71.

[¶ 15] *Denman* involved a pedestrian who slipped on snow and ice on a public sidewalk that abutted property owned by a bank. 1998 ME 12, ¶ 2, 704 A.2d at 413. Pursuant to a municipal ordinance, the bank was responsible for removing snow and ice from the public sidewalk, and it hired a maintenance company to perform those responsibilities. *Id.* On the day the plaintiff was injured, the maintenance company had not shoveled or sanded the sidewalk. *Id.* In addition to the negligence claims she alleged against the bank and the maintenance company, the plaintiff asserted a breach of contract claim against the maintenance company, claiming that she was a third-party beneficiary of the maintenance contract between the company and the bank. *Id.* ¶¶ 7–10, 704 A.2d at 414–15. We identified section 302 of the Restatement as "[t]he controlling law" to determine whether the plaintiff could proceed as a third-party beneficiary on her *contract* claim against the maintenance company, and held that she failed to generate a genuine issue of fact relating to whether the bank intended that she receive enforceable rights as an intended beneficiary of the maintenance contract pursuant to section 302 of the Restatement.[3] *Id.* ¶¶ 8–9, 704 A.2d at 414–15.

[¶ 16] A clear distinction must be drawn "between actions which sound in contract and those which sound in tort." *Adams v. Buffalo Forge Co.,* 443 A.2d 932, 938 (Me.1982) (noting that tort obligations and contractual obligations "create separate and distinct predicates of liability"). In contract actions, "[c]ontractual recovery is predicated in the first instance upon a consensual obligation between two or more parties." *Id.* On the other hand, tort recovery "does not rest upon a consensual relationship between the parties":

> [I]n tort, liability is grounded upon the *status* relationship between the parties. The status relationship which constitutes the predicate for tort recovery is entirely independent from and, indeed, foreign to any notions of the consensual features which form the basis of contractual liability.

*Id.* (citation omitted); *see also McNally v. Nicholson Mfg. Co.,* 313 A.2d 913, 923 (Me.1973) ("In *tort,* special consent, or contract, arrangements are not of the essence of, but are rather coincidental to, the origin of duties." (quotation marks omitted)); W. Page Keeton et al., *Prosser & Keeton on Torts* § 92, at 655–56 (W. Page Keeton ed., 5th ed. 1984). A tort duty involves "the question of whether the defendant is under any obligation for the benefit of the particular plaintiff." *Trusiani v. Cumberland & York Distribs., Inc.,* 538 A.2d 258, 261 (Me.1988) (quotation marks omitted).

[¶ 17] Here, Davis did not allege a contract claim against R C & Sons in her complaint, and she is not seeking to enforce the snow removal agreement between R C & Sons and SMRMC. As a

---

**3.** We also affirmed the court's grant of a summary judgment in favor of the bank and the maintenance company on the plaintiff's negligence claims because neither defendant "possessed" the public sidewalk simply by maintaining it, and there was no genuine is-

sue of material fact suggesting that any affirmative act by either defendant had created a hazard. *Denman v. Peoples Heritage Bank, Inc.,* 1998 ME 12, ¶¶ 4–7, 10–11, 704 A.2d 411, 413–15.

result, her asserted status as a third-party beneficiary of the agreement is immaterial.[4]

## B. Davis's Claim of Duty Arising From Negligent Creation of a Dangerous Condition

■ [¶ 18]   Davis also contends that a duty of care arose because R C & Sons negligently created "the dangerous condition of untreated ice, covered by a thin skim of obscuring snow" by failing to treat the ice after plowing the area.

[¶ 19]   In 1997, we recognized that a non-possessor of land "who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." *Colvin v. A R Cable Services–ME, Inc.,* 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290.   In *Colvin,* we held that a non-possessor defendant who installed a utility service box at an apartment building could be held liable for injuries sustained by a tenant whose knee struck the service box. *Id.* ¶¶ 2–3, 7, 697 A.2d at 1290.   We rejected the defendant's argument that it did not owe the tenant a duty because it was not the owner or possessor of the apartment building, and stated that "[t]he reasonable foreseeability of injury to others from one's acts or from one's failure to act raises a duty in law to proceed in the exercise of reasonable care." *Id.* ¶ 7, 697 A.2d at 1290 (quotation marks omitted).

[¶ 20]   Similarly, in 2008, we concluded that a non-possessor defendant who removed and reattached awnings to a hotel did owe a duty to the plaintiff and other hotel patrons "to not cause an unreasonably dangerous condition through his work on the awnings." *Quirion,* 2008 ME 41, ¶¶ 4, 11, 942 A.2d at 672–73.   We determined, however, that summary judgment was properly granted in favor of the non-possessor on the plaintiff's negligence claim because there were no genuine issues of material fact demonstrating that the non-possessor had breached that duty, or that any such breach had been a cause of the plaintiff's injuries. *Id.* ¶ 11, 942 A.2d at 673.

■ [¶ 21]   In this case, the question presented is whether R C & Sons, as a non-possessor of land, created a dangerous condition by failing to sand the SMRMC parking lot after plowing it and therefore owed Davis a duty of care.   Although it is clear that a non-possessor who negligently creates a dangerous hazard may be liable for reasonably foreseeable harms, in cases involving injuries sustained as a result of the annual risks posed by winter weather, it is particularly important to consider whether the dangerous hazard was created by the non-possessor's actions or by the natural accumulation of snow or ice.   In determining the existence and scope of a duty in cases involving injuries sustained as a result of snow and ice conditions, we are informed by the annual risks created by the relatively harsh winters in Maine and recognize that requiring landowners or non-possessors "to fully protect against hazards created by snow and ice [is] sim-

---

4.   In any event, the record clearly demonstrates that Davis is not an intended third-party beneficiary of the agreement between SMRMC and R C & Sons for the following reasons: first, there is no language in the agreement demonstrating an intention to give employees of SMRMC enforceable rights in the agreement as intended beneficiaries; and, second, there is no evidence of circumstances indicating "with clarity and definiteness" that SMRMC intended to benefit its employees. *Devine v. Roche Biomedical Labs.* (*Devine II* ), 659 A.2d 868, 870 (Me.1995); *accord Denman,* 1998 ME 12, ¶ 9, 704 A.2d at 414–15. Thus, the court's determination that there was no genuine issue of material fact relating to Davis's claim that she was a third-party beneficiary of the agreement between her employer and R C & Sons was entirely correct.

ply impracticable."[5] *Alexander v. Mitchell*, 2007 ME 108, ¶¶ 17–18, 22, 930 A.2d 1016, 1020–22.

[¶ 22] Here, the "precipitating cause" of the hazardous conditions in the parking lot was weather. *Id.* ¶ 31, 930 A.2d at 1025. By plowing the snow in the parking lot, R C & Sons did not create the layer of ice that remained beneath the snow. *See id.* ¶ 30 n. 13, 930 A.2d at 1025 (stating that the plowing contractor "did not create the dangerous situation" on the town road, given that "the danger was created by the natural accumulation of ice and snow"); *see also Espinal v. Melville Snow Contrs., Inc.*, 98 N.Y.2d 136, 142, 746 N.Y.S.2d 120, 773 N.E.2d 485, 489 (N.Y.2002) (holding that, "[b]y merely plowing the snow, [a contractor] cannot be said to have created or exacerbated a dangerous condition"). In other words, the actions taken by R C & Sons did not create the ice hazard that led to Davis's fall. Because Davis failed to generate a genuine issue of fact demonstrating that R C & Sons negligently created a dangerous condition, and she alleges no other grounds in her statement of material fact to support the imposition of a duty of care, summary judgment was properly granted in favor of R C & Sons. The entry is:

Judgment affirmed.

SILVER, J., with whom JABAR, J., joins, concurring in part and dissenting in part.

[¶ 23] I concur with the majority as to Marilyn R. Davis's claim of third-party beneficiary status and further agree this cause of action should be analyzed in tort rather than contract. Majority Opinion ¶¶ 11–18. However, I respectfully dissent from the remainder of the majority's opinion. I would hold that because the hospital parking lot was used around the clock, R C & Sons had a duty to remove snow and ice, similar to the duty we held that the defendant landowner had in *Budzko v. One City Ctr. Assocs. Ltd. P'ship*, 2001 ME 37, ¶ 13, 767 A.2d 310, 314.

[¶ 24] It makes no sense to remove any legal duty at precisely the moment a snow and ice removal business begins to respond to the triggering storm, simply because the business had no hand in causing the storm. I would hold that R C & Sons had a duty "to reasonably respond to a foreseeable danger posed to ... invitees by a continuing snow or ice storm." *Id.* This duty is consistent with that expressed in section 324A of the Restatement (Second) of Torts (1965), which states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or

---

**5.** We have previously acknowledged that "an individual's common law duty will extend only so far in negligence actions related to winter weather, and we have on multiple occasions defined, limited, [or] restricted this duty." *Alexander v. Mitchell*, 2007 ME 108, ¶¶ 19, 30–32, 930 A.2d 1016, 1021, 1024–25; *cf. Budzko v. One City Ctr. Assocs. Ltd. P'ship*, 2001 ME 37, ¶¶ 11–16, 767 A.2d 310, 314–15; *Denman*, 1998 ME 12, ¶¶ 4–7, 10–11, 704 A.2d at 413–15; *Libby v. Perry*, 311 A.2d 527, 529, 535–36 (Me.1973); *Isaacson v. Husson Coll.*, 297 A.2d 98, 103–06 (Me.1972); *Ouelette v. Miller*, 134 Me. 162, 164–66, 183 A. 341, 342–43 (1936); *Rosenberg v. Chapman Nat'l Bank*, 126 Me. 403, 405–06, 139 A. 82, 83 (1927); *Quimby v. Boston & Me. R.R. Co.*, 69 Me. 340, 341–42 (1879).

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

[¶ 25] We have held that if a duty exists, "the question of whether there was a breach of the standard of care would ordinarily be a question for a fact-finder, not susceptible" to summary judgment. *Alexander v. Mitchell*, 2007 ME 108, ¶ 12, 930 A.2d 1016, 1020. The facts presented in this record are not amenable to summary judgment on the issue of breach because it is not at all clear what R C & Sons did in response to the storm as it unfolded. The parties should also be permitted to develop the record concerning the time from when Davis entered the parking lot to when she emerged from her car. Davis testified that R C & Sons was in the midst of plowing the parking lot but had plowed the area where she parked and where she fell just outside her car. She testified that there was still a snow cover in that area. There was no sand or salt where she fell, but there was ice underneath the snow. The factual record is minimal regarding the steps R C & Sons took in response to the storm or actions it either took or did not take before this storm that may have affected the layer of ice beneath the most recent snow. I would hold that (1) R C & Sons had a duty to respond, *see Budzko*, 2001 ME 37, ¶ 13, 767 A.2d at 314; (2) the nature of that duty was more rigorous because this was a hospital parking lot and therefore likely under regular use at all times by many people, *see id.*; (3) the issue is whether R C & Sons breached its duty to respond to the storm, *see Alexander*, 2007 ME 108, ¶ 12, 930 A.2d at 1020; and (4) the facts regarding whether it breached its duty have not yet been developed. I would therefore vacate the grant of summary judgment and remand the case for further development of the facts.