STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-250

THOMAS O'GARA,

      Plaintiff

v.

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUL 26 2016

RECEIVED

ORDER

HORIZON LLC, et al.,

      Defendants

Before the court is a motion for summary judgment by defendant Connors Landscaping Inc.

In this case plaintiff Thomas O'Gara has sued both Horizon LLC and Connors Landscaping Inc., Horizon is the owner of a parking lot where O'Gara was injured by falling on an icy surface. Connors Landscaping is a snow removal contractor that had contracted with Horizon to plow the parking lot. Horizon has filed a cross-claim against Connors Landscaping asserting both a contractual claim for indemnity and a claim for contribution. Connors Landscaping has also filed a cross-claim against Horizon for contribution or indemnity in the event it is held liable to O'Gara.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,*

2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

In this case the facts are essentially undisputed. Both the factual assertions in Connors Landscaping's statement of material facts (Connors Landscaping SMF) and in O'Gara's additional statement of material facts (O'Gara SAMF) have been admitted with minor and immaterial qualifications.[1] While there are additional facts in the record, the undisputed facts that are material to the resolution of the pending motion are the following:

O'Gara was injured on February 17, 2014 when he slipped and fell on an icy surface while walking from his car in the parking lot to his place of employment. Connors Landscaping SMF ¶¶ 3-4 (admitted). Defendant Horizon LLC is the owner of the property where O'Gara's employer was located. Id. ¶ 5 (admitted). Horizon contracts with defendant Connors Landscaping for snow removal and salting/sanding of the parking lot. Id. ¶ 7 (admitted). Connors Landscaping has no ownership or possessory interest in the property. Id. ¶ 6 (admitted).

On February 16, 2014, the day before O'Gara was injured, Connors Landscaping had sanded the parking lot. Connors Landscaping SMF ¶ 9 (admitted). It did not snow after Connors Landscaping sanded on February 16, and the temperature remained well below freezing from

---

[1] In addition to filing a reply statement of material facts under Rule 56(h)(3), Connors Landscaping also filed what it termed a "supplemental statement of material facts" after O'Gara had filed his opposing papers. The filing of a "supplemental statement of material facts" is not permitted by Rule 56 and the court has therefore entirely disregarded Connors Landscaping's supplemental statement.

2

that time through the time when O'Gara fell and injured himself on the following day. Connors Landscaping SMF ¶ 10 (admitted).

Discussion

This case is controlled by the Law Court's decision in *Davis v. R C & Sons Paving Inc.*, 2011 ME 88, 26 A.3d 787. In *Davis* the Law Court held that a snow removal contractor does not owe a duty of care toward persons injured in a parking lot which the snow removal contractor has contracted to plow. 2011 ME 88 ¶¶ 18-22.

A snow removal contractor could be potentially liable in tort if the snow removal contractor negligently created a dangerous condition in the parking lot. However, as the Law Court stated in *Davis*,

> [I]n cases involving injuries sustained as a result of the annual risks posed by winter weather, it is particularly important to consider whether the dangerous hazard was created by the [contractor's] actions or by the natural accumulation of snow or ice.

2011 ME 88 ¶ 21.

In opposing summary judgment, O'Gara argues that it would be possible to find that Connors Landscaping created a hazardous condition on the property. Plaintiff's Opposition to Motion for Summary Judgment dated March 16, 2016 at 1-2 ("The conducted [sic] included applying a snow melt product, which a jury could find caused snow to melt and then re-freeze as dangerous ice"). First, this argument is inconsistent with O'Gara admission for purposes of summary judgment that Connors Landscaping had "sanded" the parking lot on the day before O'Gara fell. Connors Landscaping SMF ¶ 9 (admitted). Second, neither the factual assertions in O'Gara's SAMF nor the deposition testimony cited contain any evidence that Connors

Landscaping used a snow melt product that would have caused snow to melt and then re-freeze as ice. *See* O'Gara SMF ¶¶ 17-18, Connors Dep. 29-30.

When there is so little evidence tending to show a critical element of a plaintiff's claim that the jury would have to speculate in order to return a verdict for the plaintiff, a defendant is entitled to a summary judgment. *Beaulieu v. Aube Corp.,* 2002 ME 79 ¶ 31, 796 A.2d 683. *Accord, Holland v. Sebunya,* 2000 ME 160 ¶ 16, 759 A.2d 205 (to survive summary judgment, evidence must be more than speculative and conjectural).

In *Davis v. R C & Sons Paving Inc.,* the Law Court stated that "the precipitating cause of the hazardous conditions in the parking lot was weather. . . . By plowing the snow in the parking lot, R C & Sons did not create the layer of ice that remained beneath the snow." 2011 ME 88 ¶ 22 (internal quotation omitted), *citing Alexander v. Mitchell,* 2007 ME 108 ¶¶ 17, 18, 30, and 31, 930 A.2d 1016. In *Davis* the Law Court also cited the New York case of *Espinal v. Melville Snow Contractors Inc.,* 773 N.E. 2d 485, 489 (N.Y. 2002), for the proposition that "by merely plowing the snow, a contractor cannot be said to have created or exacerbated a dangerous condition." 2011 ME 88 ¶ 22.

Accordingly, the court finds that based on the undisputed facts Connors Landscaping did not have a duty of care to O'Gara in this case, and concludes that Connors Landscaping is entitled to summary judgment dismissing the claims against Connors Landscaping in O'Gara's complaint.[2] This will moot Connors Landscaping's cross-claim for contribution or indemnity against Horizon but will not moot Horizon's contractual claim against Connors Landscaping.

---

[2] In its motion for summary judgment Connors Landscaping also argues that O'Gara was not a third party beneficiary of its contract with Horizon. Although any third party beneficiary claim would appear to face significant difficulties in this case, *see Davis v. R C & Sons Inc.,* 2011 ME 88 ¶¶ 12-17, the court does not need to consider this issue because O'Gara's complaint does not assert a contractual claim against Connors Landscaping.

4

The entry shall be:

Defendant Connors Landscaping's motion for summary judgment dismissing plaintiff's claim against Connors Landscaping is dismissed. Defendant Horizon LLC's cross-claim against Connors Landscaping shall now be treated as a third party claim against Connors Landscaping. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July __26__, 2016

Thomas D. Warren
Justice, Superior Court

5