STATE OF MAINE

Cumberland, ss.

NORMA BILLINGS and NORMAN BILLINGS

Plaintiffs

v.

R.J. GRONDIN & SONS,
SEARS, ROEBUCK & CO. and
GGP-MAINE MALL, LLC

Defendants

SUPERIOR COURT

STATE OF MAINE
Cumberland, ss. Clerk's Office

MAR 0 2 2018
2:37 p.m.
RECEIVED

Docket No. CUMSC-CV-17-0432

ORDER ON R.J. GRONDIN'S MOTION FOR SUMMARY JUDGMENT

Defendant R. J. Grondin & Sons ["Grondin"] has filed a Motion for Summary Judgment, contending that it is entitled to judgment as a matter of law because it owed no duty, in tort or contract or otherwise, to Plaintiffs Norma and Norman Billings. Plaintiffs oppose the Motion, and Grondin has filed a reply memorandum.

The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Background*

The material facts are undisputed for purposes of the Motion:

Norma and Norman Billings are husband and wife. On the afternoon of January 13, 2015, they went to the Maine Mall, which houses a collection of retail stores, including a store operated by Defendant Sears, Roebuck & Co. Sears leases the store from the Mall owner, Defendant GGP-Maine Mall, LLC.

1

As the Billings were walking on the sidewalk toward the outside entrance to the Sears store, Norma Billings slipped and fell within just a few feet of the entrance, because the sidewalk at that place was coated with patches of ice that had a dusting of recent snow that had fallen the day before. As a result of her fall, Norma Billings sustained a serious injury to her wrist and hand and underwent extensive medical treatment.

At all material times, Grondin was the snow and ice removal contractor for the Maine Mall, under a written Snow and Ice Removal Services Agreement dated October 1, 2013. *See* Exhibit A to Grondin's Motion for Summary Judgment. The contract imposes a wide range of obligations on Grondin, including monitoring weather conditions, and taking "all steps necessary in accordance with high quality standards and best practices to ensure that the [Maine Mall] Property is free of ice and snow . . ." *See* Exhibit 1 to Snow and Ice Removal Services Agreement, section B. On being notified of the need for snow and ice removal, Grondin is contractually obligated to use best efforts to commence removal within one hour and to complete removal within three hours. *See id.,* section C.

Grondin's records indicate that it conducted snow and ice removal operations on January 12, 2015, the day before Norma Billings fell, but are unclear as to whether any operations occurred on the day of her fall.

### Standard of Review

For purposes of its Motion, Grondin does not dispute Plaintiffs' claim that it failed to make the sidewalk safe for persons entering the Sears store. Instead, Grondin argues that, even assuming the facts are as Plaintiffs allege, Grondin cannot be held

2

liable to them, either in tort or in contract, as a matter of law. To obtain summary judgment, Grondin must show that it is entitled to judgment as a matter of law based on undisputed material facts. *See* M.R. Civ. P. 56.

*Analysis*

Grondin's Motion asserts that it cannot be held liable to the Plaintiffs because it owed no duty to them to make the premises safe. The Motion relies on the Law Court decisions in *Davis v. R.C. Sons Paving, Inc.*, 2011 ME 88, 26 A.3d 787, and *Denman v. Peoples Heritage Bank*, 1998 ME 12, 704 A.2d 411.

In *Denman*, the plaintiff fell on an icy sidewalk that the defendant Bank was required by municipal ordinance to keep clear of snow and ice, and sued the Bank and the Bank's snow and ice contractor. The Law Court held that neither defendant could be deemed to be in possession of the sidewalk for purposes of tort liability, and also held that the plaintiff could not be deemed a third-party beneficiary of the snow removal contract. 1998 ME 12, at ¶¶6-9.

In *Davis*, the court held that a snow and ice contractor owed no duty of care in tort for injuries suffered in a fall on snow and ice by an employee of the business with which the contractor had a snow and ice removal contract. 2011 ME 88, at ¶¶21-22.[1] The court in *Davis* held that, because the contractor neither owned nor possessed the premises where the plaintiff fell, the contractor could be held liable only if the contractor had created the icy condition that caused the fall, and there was no evidence to that effect. *Id.* at ¶22.

---

[1] The plaintiff in Davis did not make a third-party beneficiary claim. 2011 ME 88, at ¶17.

Here, the Plaintiffs allege that Grondin is liable in tort for negligence, or alternatively, for breach of contract on a third party beneficiary theory of liability.

However, for purposes of their negligence claim, the summary judgment record does not contain any admissible evidence that a reasonable factfinder could accept as sufficient to show that Grondin, as a non-possessor and non-owner of the premises in question, created the condition that led to Norma Billings's fall. As a matter of law, Grondin did not owe any tort duty to the Plaintiffs to exercise due care in remedying a hazardous condition that Grondin did not cause or create on property Grondin did not own or possess.

As to any contractual duty or obligation, there is nothing in the Snow and Ice Removal Services Agreement between Grondin and the owner of the Maine Mall and no other evidence in the record before the court indicating that the Plaintiffs were intended third-party beneficiaries of the services to be rendered by Grondin under the Agreement. Accordingly, under the same legal principle applied by the Law Court in *Denman*, because the Plaintiffs were not parties to the Agreement, Grondin cannot be held liable to the Plaintiffs on a breach of contract theory.

For these reasons, it is ORDERED AND ADJUDGED:

1.  Defendant R. J. Grondin & Sons' Motion for Summary Judgment is hereby granted.

2.  Summary judgment is hereby granted in favor of Defendant R. J. Grondin & Sons against the Plaintiffs on their Complaint.

Because other parties and claims remain to be adjudicated, this is not an appealable final judgment.

4

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated March 2, 2018

_____
A. M. Horton, Justice