

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANGELINA DEMAINE, individually; | ) | |
| PAIGE VIGUS, a minor and child of | ) | No. 37236-7-III |
| ANGELINA DEMAINE who will act as | ) | |
| her Guardian ad litem, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| FIRST AMERICAN TITLE | ) | |
| INSURANCE COMPANY, a California | ) | |
| corporation; JAMES A. WOLFF and | ) | |
| "JANE DOE", individually and the marital | ) | |
| community composed thereof; CITY OF | ) | |
| SPOKANE, municipal corporation of the | ) | |
| State of Washington; "JOHN DOE | ) | |
| COMPANY", a business entity, | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — We are asked to determine if a complaint states a cause of action.

We hold that it does and reverse the trial court's dismissal of the complaint.

FACTS

Angelina DeMaine pled the following facts in her first amended complaint.

Defendant 40 Main, LLC owns the building located at 40 East Spokane Falls Boulevard

in Spokane.  Defendant First American Title Insurance Company rents the building from 40 Main.  Defendant City of Spokane owns the sidewalk and parking area behind the building.  According to DeMaine, 40 Main and First American Title "designed, constructed, inspected, repaired, and maintained the sidewalk and parking area for the building located at 40 East Spokane Falls Boulevard."  Clerk's Papers (CP) at 47.

On March 19, 2016, Angelina DeMaine parked her vehicle in a city parking area behind 40 Main's building.  After DeMaine walked toward the building, she needed to retrieve possessions from her car.  She walked back toward her vehicle down the city sidewalk and diagonally crossed a grassy area, known as a planting strip, between the sidewalk and her parked car.  Although it was dark, DeMaine saw a manhole cover and walked by the cover on the left side.  DeMaine did not notice a piece of broken concrete manhole cover, and her right foot got stuck in a hole.  DeMaine then stepped onto the manhole cover and twisted her left foot, causing her to fall and sprain her ankle.

PROCEDURE

On March 13, 2019, Angelina DeMaine filed a complaint for negligence against First American Title, the City of Spokane, and "John Doe Company."  CP at 3.  On July 1, 2019, Angelina DeMaine filed an amended summons and complaint.  The amended complaint removed John Doe Company as defendant and added 40 Main as a defendant. The amended complaint reads, in relevant part:

2

      3.2. At all relevant times, the building located at 40 East Spokane Falls Boulevard in the city and county of Spokane in the State of Washington is the property of the defendant 40 Main, LLC. . . . Said building is occupied by the defendant First American Title Insurance Company. *The sidewalk and parking areas outside the building are under the control of the defendant City of Spokane. . . .*

    . . . .

      4.2. On or before March 19, 2016, *the defendants designed, constructed, inspected, repaired, and maintained the sidewalk and parking area for the building located at 40 East Spokane Falls Boulevard in a negligent and careless manner* so that the plaintiff DeMaine tripped over a poorly visible hole in a broken manhole cover and fell causing her to suffer serious injuries.

CP at 46-47 (some emphasis added).

On September 9, 2019, First American Title filed a motion to dismiss on the pleadings pursuant to CR 12(c) and CR 12(h)(2). 40 Main later joined the motion to dismiss. First American Title and 40 Main argued that they did not owe any duty to prevent Angelina DeMaine's injury on property that the City, not them, controlled.

On October 10, 2019, Angelina DeMaine requested leave to amend her complaint for a second time and filed a motion under CR 56(f) for continuance of the hearing date for First American Title's and 40 Main's motion for dismissal. DeMaine sought the continuance to gain more time to conduct discovery.

On October 25, 2019, the trial court granted Angelina DeMaine's motion to amend its complaint a second time. DeMaine, however, neither filed the new complaint nor served it on either 40 Main or First American Title Insurance. The trial court denied DeMaine's motion to continue the hearing date for the motion dismiss.

The second amended complaint changed the language in paragraphs 3.2, 3.3, and

4.2. Those paragraphs read:

> 3.2. At all relevant times, the building located at 40 East Spokane
> Falls Boulevard in the city and county of Spokane in the State of
> Washington is the property of the defendant 40 Main, LLC. . . . The
> sidewalk, *planting strip*, and parking areas located outside the south end of
> this building are along 40 East Main Avenue and are *under the control of
> the defendants 40 Main, LLC and First American along with defendant City
> of Spokane*. . . .
> 3.3. Sometime before March 19, 2016, *the defendants (or their
> predecessors) planned, installed, and began maintaining the planting strip
> between the street and the sidewalk along 40 East Main Avenue at the
> south end of building located at 40 East Spokane Falls Boulevard. The
> defendants (or their predecessors) installed a sprinkler system in the
> planting strip along with a manhole with a concrete cover and three green
> in-ground sprinkler boxes with lids.* The area around the sprinkler boxes
> and concrete manhole cover became compressed by tree roots causing the
> lids not to fit on the sprinkler boxes. The manhole with cover and the
> sprinkler boxes with cover were part of the planting strip's sprinkler
> system. The manhole's concrete cover was heavy and a piece of it had
> broken off leaving a hole in the manhole that should have been covered.
> . . . .
> 4.2. *On or before March 19, 2016, the defendants (or their
> predecessors) designed, constructed, inspected, repaired, and maintained
> the sidewalk, planting strip (with sprinkler system), and parking area
> located along 40 East Main Avenue along the south side of the building
> with the address of 40 East Spokane Falls Boulevard in a negligent and
> careless manner so that the plaintiff DeMaine stepped into a poorly visible
> hole created by a broken manhole cover and fell causing her to suffer
> serious injuries.*

CP at 108-10 (some emphasis added). The second amended complaint adds an allegation

that 40 Main and First American Title control the parking strip.

On November 4, 2019, the trial court granted the defendants' motion and

dismissed all claims against 40 Main and First American Title. The trial court ruled that Angelina DeMaine's complaint failed to allege facts that showed that First American Title and 40 Main owed a duty to Angelina DeMaine.

## LAW AND ANALYSIS

Angelina DeMaine assigns error to two of the trial court's decisions: (1) its denial of her motion for a continuance of the dismissal motion pursuant to CR 56(f), and (2) its granting of the motion to dismiss. By way of her first assignment of error, DeMaine argues she should have been granted the opportunity for discovery before the court entertained the motion to dismiss. Because we reverse the dismissal of the suit, we need not address this assignment of error.

In response to the motion for judgment on the pleadings, Angelina DeMaine's counsel filed a declaration on October 10, 2019. The declaration should have transmuted the defense motion into a summary judgment motion, but the parties continued to litigate the case before the superior court and continue to litigate the case before this reviewing court as a motion for judgment on the pleadings. We do the same.

When resolving Angelina DeMaine's second assignment of error, we must first resolve whether to consider Angelina DeMaine's first amended complaint or second amended complaint. CR 15 governs amended pleadings. The rule states in relevant part:

> If a motion to amend is granted, the moving party *shall* thereafter file the amended pleading and, pursuant to rule 5, serve a copy thereof on all other parties.

CR 15(a) (emphasis added). Although the trial court granted DeMaine's motion to file the second amended complaint, DeMaine did not fulfill the rule's requirement of filing or serving the second amended complaint. Thus, the defendants argue the court should not consider the second amended complaint.

Angelina DeMaine agrees that the first amended complaint is the operative complaint for purposes of the motion to dismiss, but asks that we consider the second amended complaint as containing additional hypothetical facts consistent with her first amended complaint. In analyzing a motion to dismiss, we presume the plaintiff's allegations to be true and we may consider hypothetical facts not included in the record. *Tenore v. AT&T Wireless Services*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998). Since we consider the first amended complaint sufficient to survive a motion to dismiss on its own, we do not address DeMaine's request.

The defendants brought their motion to dismiss under both CR 12(c) and CR 12(h). CR 12(c), which governs motions for judgment on the pleadings, states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.

6

CR 12(h)(2) declares:

> A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

We conflate our analysis under the respective sections of CR 12. Subsection (h) references a failure to state a claim. Appellate courts treat a CR 12(c) motion for judgment on the pleadings identically to a CR 12(b)(6) motion to dismiss for failure to state a claim. *P.E. Systems, LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012).

This court reviews a dismissal under CR 12(c) de novo. *P.E. Systems, LLC v. CPI Corp.*, 176 Wn.2d 198, 203 (2012). At this stage, a court should dismiss a complaint only when it appears beyond doubt that the plaintiff cannot prove any set of facts that would justify recovery. *Davidson v. Glenny*, 14 Wn. App. 2d 370, 375, 470 P.3d 549 (2020). In undertaking such an analysis, we presume the plaintiff's allegations to be true, and, as already written, we may consider hypothetical facts not included in the record. *Tenore v. AT&T Wireless Services*, 136 Wn.2d 322, 330 (1998). A motion to dismiss under CR 12(c) should be granted sparingly and with care and only in the unusual case, in which plaintiff includes allegations that show on the face of the complaint some insuperable bar to relief. *Hoffer v. State*, 110 Wn.2d 415, 421, 755 P.2d 781 (1988). Angelina DeMaine's complaint does not fall into this category of "the unusual case."

The two defendants contend that, even construing the allegations in the first amended complaint in the light most favorable to Angelina DeMaine, the complaint fails to allege a viable legal duty applicable to them. They cite the rule that property owners and occupants do not owe a duty to pedestrians harmed on adjoining land merely based on their proximity to the neighboring property or easements. The neighboring property here is the parking strip. The defendants contend that DeMaine fails to allege any of the few exceptions to this rule. In turn, the defendants identify the "special use" exception to nonliability and emphasize that DeMaine alleges no special use of the city's property by them. Finally, the defendants argue that the first amended complaint fails to plead any facts supporting a claim of a natural or artificial, unreasonably dangerous condition in the parking strip, let alone on property that they control. The defendants read the first amended complaint too narrowly.

The first amended complaint alleges that only the city of Spokane controls the parking area, in which Angelina DeMaine allegedly sustained injuries. Nevertheless, in paragraph 4.2, DeMaine alleges that all defendants, including First American Title and 40 Main, "designed, constructed, inspected, repaired, and maintained the sidewalk and parking area for the building located at 40 East Spokane Falls Boulevard in a negligent and careless manner so that the plaintiff DeMaine tripped over a poorly visible hole in a broken manhole cover and fell causing her to suffer serious injuries." CP at 47. This allegation can impose liability on the defendants even if neither controlled the area.

8

While, ordinarily, a person who is not the owner and is not in control of property is not liable for negligence with respect to that property, a person who is not a possessor of the premises, but negligently creates a dangerous hazard, may be liable for reasonably foreseeable harm. 62 AM. JUR. 2D *Premises Liability* § 7 (2002). One who, on behalf of the possessor of land, erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he or she were the possessor of the land, for physical harm caused to others upon or outside of the land by the dangerous character of the structure or other condition while the work is in his or her charge. 62 AM. JUR. 2D *Premises Liability* § 7 (2002). A non-possessor who negligently creates a dangerous hazard may be liable for reasonably foreseeable harms. *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, 26 A.3d 787, 792.

Under *Restatement (Second) of Torts* § 384 (Am. Law Inst. 1965):

> Liability of Persons Creating Artificial Conditions on Land on Behalf of Possessor for Physical Harm Caused While Work Remains in Their Charge
> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

This court, in *Williamson v. Allied Group, Inc.*, 117 Wn. App. 451, 456-57, 72 P.3d 230 (2003), adopted § 384. *Restatement (Second) of Torts* §§ 385 and 386 (1965) echo the language of liability found in § 384. Section 385 declares:

9

> One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others.

Section 386 provides:

> Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

When referencing § 385, the Washington Supreme Court adopted the *Restatement*'s principle that the builder of a structure that remains on another's property retains liability for negligent work. *Davis v. Baugh Industrial Contractors, Inc.*, 159 Wn.2d 413, 417-18, 150 P.3d 545 (2007).

First American Title and 40 Main highlight that Angelina DeMaine does not allege the presence of a dangerous condition on the parking strip. Nevertheless, *Davis v. Baugh Industrial Contractors* impliedly equates negligence with a dangerous condition. DeMaine alleges that both defendants negligently designed, installed, and maintained the irrigation system and manhole cover that led to her injuries.

10

No. 37236-7-III
*Demaine, et al v. First American Title Insurance Co., et al*

In the first amended complaint, Angelina DeMaine does not specifically reference the parking or planting strip. Nevertheless, she refers to the sidewalk and adjacent parking area. A broad reading of the complaint leads us to conclude that the adjacent parking area includes the strip. The parking strip lies between the sidewalk and the area where cars parked. The parking strip is closer to the defendants' property than the parking spots. Therefore, we conclude that the first amended complaint can reasonably be read to include negligent design and construction inside the strip.

CONCLUSION

We reverse the dismissal of Angelina DeMaine's first amended complaint and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                                      Pennell, C.J.

11