2008 ME 41

## Cecile Fongemie QUIRION

v.

## Kevin GEROUX.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 13, 2007.

Decided: March 4, 2008.

---

L. James Lavertu, Esq., Madawaska, ME, for Cecile Fongemie Quirion.

Michael L. Rair, Esq., Bangor, ME, for Kevin Geroux.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, and MEAD, JJ.*

CLIFFORD, J.

[¶ 1] Cecile Fongemie Quirion appeals from a summary judgment entered against her in the Superior Court (Penobscot County, *Hjelm, J.*) on her complaint for negligence against Kevin Geroux, d/b/a Modern Decorators, brought following Quirion's injury from an awning that fell off the Hampton Inn in Bangor.[1] Quirion contends that genuine issues of material fact remain with respect to her claim of negligence. We disagree with Quirion and we affirm the judgment.

## I. BACKGROUND

[¶ 2] Viewing the evidence in the light most favorable to Quirion, as the nonmoving party, *see Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 5, 881 A.2d 1138, 1141, the parties' M.R. Civ. P. 56(h) statements of material fact and referenced record evidence reveal the following. *See Longley v. Knapp*, 1998 ME 142, ¶ 16, 713 A.2d 939, 944. On July

---

* Justice Susan Calkins sat at oral argument and participated in the initial conference but retired before this opinion was certified.

1. Quirion also sued Hanover Associates, the owner and operator of the Hampton Inn. The Superior Court also entered a summary judgment in favor of Hanover. Quirion appealed the summary judgments as to both Geroux and Hanover, but Hanover and Quirion entered into a settlement during the pendency of the appeal, and therefore, Quirion's suit against Geroux is the only matter that we address in this opinion.

2, 2001, Quirion was staying at the Hampton Inn. While Quirion was standing outside the hotel, an awning was blown from the building and hit her, causing her injury.

[¶ 3] The awning was first placed on the building at the time that the building was constructed approximately nine years prior to Quirion's injury. The awning had been attached to the building through clips that were in turn attached to raw bolts embedded in the stucco of the building. Both the medical record from the hospital to which Quirion was taken the day of her injury and a doctor's record of later treatment of her injuries reflect that she informed the doctors that the awning was blown from the building by the wind. In her opposing statement of material facts, submitted in response to the motions for summary judgment, Quirion stated that "the only way the 'raw bolts' [anchored in the building] could come out of the wall would be to be pulled out by strong wind on the awning."

[¶ 4] A little over one month prior to the accident, Geroux had removed the awnings from the building, painted them, and then reattached them to the building. Geroux did not remove the raw bolts from the building, however, nor is there any evidence that he otherwise loosened them. After the awnings were painted and reattached to the building, the manager of the hotel visually inspected the awnings. As a matter of general maintenance, however, the awnings were not periodically checked to determine whether they were secure.

[¶ 5] Quirion filed a complaint against Hanover in the Superior Court alleging negligence. Hanover answered the complaint denying that it was negligent, and then filed a third-party complaint against Geroux, alleging that if anyone had been negligent, it was Geroux. After Geroux answered Hanover's complaint, Quirion amended her complaint to include Geroux as a second defendant.

[¶ 6] Following discovery, Geroux moved for summary judgment. Both Hanover and Quirion opposed Geroux's motion, and Hanover separately argued that if Geroux was entitled to summary judgment on the negligence claim, then it, too, was entitled to summary judgment. The court entered a summary judgment in favor of Geroux on both Quirion's complaint and on Hanover's third-party complaint. The court noted that both motion opponents agreed that the summary judgment record disclosed no direct evidence of negligence by Geroux. The court concluded that, because the evidence indicated that the incident was caused by a strong wind, "the record does not support the aspect of a res ipsa negligence claim that is predicated on evidence (direct or otherwise) that the accident would not have happened in the absence of negligence."

[¶ 7] The court concluded that Quirion had provided no evidence that Hanover was negligent in hiring Geroux, or that Geroux was negligent in removing, painting, or replacing the awning. Quirion filed this appeal of the summary judgments entered in favor of both Geroux and Hanover. Hanover and Quirion later entered into a settlement agreement, and thus the appeal from the summary judgment in favor of Geroux is the only matter still before us.

## II. DISCUSSION

[¶ 8] Quirion argues that the court erred by finding that there was no genuine issue of material fact that Geroux owed a duty of care to Quirion, and that Geroux had breached that duty by creating an unreasonably dangerous condition on the premises, as a result of which, Quirion was harmed.

[¶ 9] "Summary judgment is properly granted if the facts are not in dispute or, if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. We review the grant of a motion for summary judgment de novo, viewing all of the facts in the light most favorable to the nonmoving party. *See Marcoux*, 2005 ME 107, ¶ 5, 881 A.2d at 1141. We may, however, consider "only the portions of the record referred to, and the material facts set forth, in the Rule [56(h)] statements." *Longley*, 1998 ME 142, ¶ 16, 713 A.2d at 944 (quotation marks omitted). Further, "[t]o survive summary judgment on an action alleging negligence, [the plaintiff] must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages." *Maddocks v. Whitcomb*, 2006 ME 47, ¶ 10, 896 A.2d 265, 268.

[¶ 10] Quirion contends that there is sufficient evidence to allow a jury to conclude that Geroux is liable for the harm caused to her when the awning that he had worked on only one month prior to the accident fell from the building. "A nonpossessor [of land] who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." *Colvin v. A R Cable Serv.–ME, Inc.*, 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290.

[¶ 11] The evidence cited in the parties' Rule 56(h) statements reveals that the cause of the injury to Quirion was that the bolts securing the awning to the building were pulled from the building by a strong wind, which caused the awning to fall and hit Quirion. There is no evidence, however, that Geroux removed and replaced the bolts or otherwise loosened or disturbed the bolts when he removed and replaced the awnings. Geroux did owe a duty to Quirion and other hotel patrons to not cause an unreasonably dangerous condition through his work on the awnings, but the evidence generates no genuine issues of material fact that he breached that duty, or that any such breach was the cause of Quirion's injuries. Accordingly, the Superior Court correctly entered a summary judgment on Quirion's negligence claim against Geroux.

The entry is:

Judgment affirmed.