STATE OF MAINE

Cumberland, ss.

BUSINESS AND CONSUMER COURT

AMH — CUM — 3/7/2012

THOMAS E. FLANNERY

Plaintiff

v.

Docket No. BCD-CV-11-34

DANIEL R. LAJOIE

Defendant

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Daniel R. LaJoie has filed a motion for summary judgment, which is opposed by Plaintiff Thomas E. Flannery. The parties presented oral argument February 21, 2012.

*Background*

The parties are real estate developers/entrepreneurs who have done business together for many years. Plaintiff's three-count complaint asserts that the Defendant is liable to the Plaintiff for sums advanced by the Plaintiff to the Defendant or on behalf of the Defendant to satisfy a debt. Defendant does not dispute, at least for purposes of his motion, that he is liable for $15,500 on a transaction referred to in the Defendant's motion as the "lumber loan."

The focus of the Defendant's summary judgment motion is Plaintiff's claim that Defendant is liable to him for $45,909, representing a payment made by Plaintiff toward a debt of the Defendant. The parties were both guarantors of a commercial lease of property on Congress Street in Portland. Eventually, the lessor, Kaplan 504, LLC, sued both parties on their guarantees in 2003. The parties settled the Kaplan 504 LLC claim

1

against them by means of a payment by Plaintiff Flannery on behalf of himself and Defendant LaJoie. Mr. Flannery alleges that Mr. LaJoie agreed to reimburse him for the amount of Mr. Flannery's payment that reflected Mr. LaJoie's share of the guarantee. Mr. Flannery claims that Mr. LaJoie signed a promissory note for $45,909 to memorialize the obligation in December 2005. Mr. Flannery claims he retained one of three executed copies of the note, but that it was destroyed in a fire at his residence in November 2008. His complaint and summary judgment opposition make reference to what he asserts is an unsigned copy of the promissory note. The unsigned copy recites that payment is due by no later than November 2007.

In August 2011, almost four years after payment was supposedly due, three years after the original was allegedly destroyed, Mr. Flannery brought suit against Mr. LaJoie for breach of contract, *quantum meruit* and unjust enrichment.

Mr. LaJoie does not dispute that Mr. Flannery made a payment on his behalf to settle the Kaplan 504 LLC litigation. However, he denies he ever executed the alleged promissory note and he asserts that all of Plaintiff Flannery's other claims are time-barred.[1]

*Analysis*

1. Standard of Review

In order for a party to obtain summary judgment, there must be no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c). For purposes of summary judgment, a "material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. A factual issue is genuine when there is sufficient supporting

---

[1] He does indicate that Plaintiff Flannery may be entitled to a partnership accounting, but Plaintiff does not assert any such claim.

2

evidence "that would require a fact-finder to choose between competing versions of the truth at trial." *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747 (quotation marks omitted).

To survive a defendant's motion for summary judgment on a claim as to which the plaintiff has the burden of persuasion, a plaintiff must present a *prima facie* case on each element of the claim that the motion puts into contention. *See Quirion v. Geroux*, 2008 ME 41, P 9, 942 A.2d 670, 673 (negligence claim); *Reliance Nat'l Indem. v. Knowles Indus. Servs. Inc.*, 2005 ME 29, ¶ 9, 868 A.2d 220 (subrogation); *Rippett v. Bemis, supra*, 672 A.2d at 84 (defamation).

Affidavits submitted in support of, or in opposition to, a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e).

2. Plaintiff's Affidavit in Response

As a threshold matter, the court needs to address Defendant's contention that the court should disregard Plaintiff's affidavit in opposition because the jurat recites that it is made "to the best of [Plaintiff's[ knowledge, information and belief, and insofar as such statements are based upon information and belief, he believes said information to be true . . ." Affidavit of Thomas E. Flannery at 6. Defendant is correct that the jurat is not in compliance with the explicit requirement of Rule 56(e) that affidavits be made upon personal knowledge. It may be that the drafter confused the requirement of Rule 56(e) with the requirement of Rule 4A(i) regarding affidavits regarding attachment and attachment upon trustee process.

3

In any event, the question becomes whether the defect in the Plaintiff's opposing affidavit requires that the affidavit be entirely disregarded, or whether the court can consider those portions of it that the affidavit clearly and affirmatively shows were made on the basis of personal knowledge, and disregard the rest.[2]

Defendant cites *Bahre v. Liberty Group*, 2000 ME 75, 750 A.2d 558, for the proposition that a defective jurat requires an affidavit to be disregarded entirely, but the opinion does not go so far. In fact, the Law Court has said that, even when an opposing affidavit does not aver that it is made on personal knowledge, ["i]f it is apparent from the content of an affidavit that the affiant had personal knowledge of the facts averred, the court will consider the affidavit and the documents attached to it." *Peoples Heritage Savings Bank v. Pease*, 2002 ME 82, ¶25, 797 A.2d 1270, 1276, *citing Casco Northern Bank, N.A. v. Estate of Grosse*, 657 A.2d 778, 781 (Me. 1995).

Some but not all of the averments in Mr. Flannery's opposing affidavit do make it apparent that they are based on personal knowledge. For example, Mr. Flannery's affidavit says that he sat beside Mr. LaJoie as Mr. LaJoie signed three originals of the promissory note at attorney David Hirshon's office—clearly a point of personal knowledge.

Other portions of the Flannery affidavit do not make it apparent that the affiant has personal knowledge of the matters set forth. These are admittedly highly technical points, but Rule 56 is a technical rule. In sum, the court will consider those portions of the Flannery affidavit that make it apparent they are based on personal knowledge, but not the other portions.

---

[2] It may be noted that the Defendant's affidavit, although it purports to be made on personal knowledge, also incorporates substantial hearsay in connection with the Kaplan 504 LLC case and the events preceding it.

4

3. Defendant's Entitlement to Summary Judgment on Plaintiff's Claims

Defendant's motion for summary judgment is based on several different defenses, each addressed separately.

(a) *Defendant's Statute of Limitations Defense*

One of the Defendant's arguments is that some or all of the Plaintiff's claims are barred by the applicable six-year statute of limitations. The six-year statute applies to all three counts of the complaint, for breach of contract, quantum meruit and unjust enrichment. *See Maine Municipal Employees Health Trust v. Maloney*, 2004 ME 51, 846 A.2d 336 (six-year statute applies to equitable subrogation and unjust enrichment claims).

A statute of limitations begins to run when the cause of action accrues. When the cause of action accrues depends on the nature of the claim. In this case, the Plaintiff's breach of contract claim accrued upon breach; his unjust enrichment claim accrued when the enrichment occurred; his quantum meruit claim (assuming the alleged loan is the kind of transaction that can generate a claim in quantum meruit) presumably accrued upon the Defendant's failure to pay within a reasonable time.

Thus, all of the claims stated in the Plaintiff's complaint accrued, at the earliest, when he actually made the settlement payment on the Defendant's behalf. The Defendant's argument that the Plaintiff's claims accrued during the Kaplan 504 LLC litigation and before the settlement is simply incorrect. For example, the Defendant asserts, "A cause of action for contribution arose at the latest on the moment of the perfection of the Writ of Attachment against the Plaintiff, Thomas Flannery . . ." Defendant's Motion for Summary Judgment at 14. In fact, a contribution claim accrues either when the claimant makes the payment for which he is seeking

contribution or when the claimant is found liable, presumably in a final judgment, on the claim for which the claimant seeks contribution.

Neither party has submitted admissible evidence on the basis of which the court can determine when the Plaintiff's various causes of action accrued. There is a reference in the Defendant's papers to the dismissal of the Kaplan 504 complaint and the discharge of the attachment having occurred in September 2005, less than six years before the complaint was filed in August 2011. One might speculate that Mr. Flannery's payment on behalf of Mr. LaJoie preceded the dismissal and discharge.

Because Defendant LaJoie bears the burden on the affirmative defense of statute of limitations, the absence of proof on when the Plaintiff's claims accrued in relation to the six-year statute means that the Defendant is not entitled to summary judgment.

(b) *The Plaintiff's Claims:* Plaintiff claims that Defendant made an oral agreement to reimburse him for the sum paid to settle the Kaplan 504 LLC claims against both parties, and that the agreement was memorialized in the promissory note. The material averments in Plaintiff's affidavit that clearly are made on the basis of claimed personal knowledge are the following:

- that Plaintiff made a payment on behalf of the Defendant to satisfy an obligation on which defendant was jointly responsible;

- that in consideration, the Defendant orally agreed to repay the Plaintiff;

- that the oral agreement to repay was memorialized in a promissory note;

- that the Plaintiff watched the Defendant execute the three originals of a promissory note;

- that he obtained one original copy and recalls its contents;

- that the original was destroyed in a fire, and

6

- that based on his recollection, the photocopy referenced in his affidavit is a true copy of the destroyed original

- that the Defendant has acknowledged the debt

- that the Defendant has failed to pay according to the terms of the note

All of this evidence appears to be admissible, and it is sufficient to establish a prima facie case for breach of contract. The averment that the oral agreement was memorialized in the note is sufficient to overcome the Statute of Frauds, even though the alleged note is destroyed. A destroyed promissory note can be enforced under certain circumstances, *see* 11 M.R.S. § 3-1309. If the factfinder decides there is no enforceable contract, Plaintiff might still obtain judgment on his alternative claim for unjust enrichment.[3]

For the foregoing reasons, the Plaintiff's *prima facie* showing in response to Defendant's motion for summary judgment is sufficient to raise more than one genuine issue of material fact—whether the Defendant executed the alleged promissory note; what were the terms of the note, whether the Plaintiff has conferred a benefit upon Defendant that Defendant should be required to disgorge on an unjust enrichment theory, and whether any or all of Plaintiff's claims are time-barred.

For the foregoing reasons, Defendant's motion for summary judgment is denied.

---

[3] Plaintiff's claim in *quantum meruit* is conceptually not a good fit here, because a *quantum meruit* claim generally involves the furnishing of goods or services, not the payment of money, without an express agreement to pay but under circumstances that generate an implied-in-fact promise to pay. However, for purposes of summary judgment, the court will leave the *quantum meruit* claim in the case.

7

Pursuant to M.R. Civ. P. 79, the clerk is hereby directed to incorporate this order by reference in the docket.

Dated March 7, 2012

A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 3.7.12
Copies sent via Mail ___ Electronically ✓

8

STATE OF MAINE
CUMBERLAND, ss.

THOMAS E. FLANNERY
Plaintiff

v.

DANIEL R. LAJOIE
Defendant

BUSINESS AND CONSUMER DOCKET
Location:    Portland

DOCKET NO. BCD-CV-2011-34

## COUNSEL OF RECORD

**Party Name:**

Thomas Flannery

Daniel LaJoie

**Attorney Name:**

Michael Vaillancourt, Esq.

Stephean Chute, Esq