STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                     CIVIL ACTION
                                                    DOCKET NO. CV-15-557

HOLLY BOYINGTON,

                    Plaintiff

v.                                                  ORDER

GGP- MAINE MALL LLC, et al,

                    Defendants

Before the court are three motions: (1) plaintiff's Rule 56(f) motion to strike or stay defendants' summary judgment motion pending additional discovery, (2) plaintiff's motion to continue trial, and (3) defendants' motion to stay ADR.

In part, plaintiff's Rule 56(f) motion relies on the claim that defendant's counsel took advantage of plaintiff by filing its motion after the parties had agreed to delay plaintiff's discovery until after mediation had occurred. According to counsel for plaintiff, when plaintiff postponed mediation due to a family emergency, defendants filed the summary judgment motion without giving plaintiff the opportunity to take her remaining discovery.

The court's review of the record does not support a finding that defendant has engaged in an improper attempt to prevent plaintiff from taking discovery.[1] Defendant's position, as the court understands it, is that none of the discovery that has been requested would elicit information that could create a genuine dispute of material fact for trial.

At the same time, where plaintiff's counsel understood that there was an agreement to postpone certain discovery until after mediation, the court understands that plaintiff is somewhat justified in feeling mousetrapped by the motion for summary judgment.

---

[1] The court is also unconvinced by the contention that defendant's summary judgment motion has unjustifiably caused plaintiff to reveal the answers it would seek to elicit through depositions. No potential surprises are included in the information that plaintiff contends might be revealed through discovery. The answers that plaintiff would seek to elicit are entirely predictable.

Regardless of whether counsel for plaintiff is feeling mousetrapped, however, his Rule 56(f) motion should not be granted unless it meets the requirements enumerated by the Law Court in *Bay View Bank N.A. v. The Highlands Golf Mortgagees Realty Trust*, 2002 ME 178 ¶ 22, 814 A.2d 449. The first two and fifth requirements are met because plaintiff has put the court on notice that she is seeking to delay action on the summary motion by filing her Rule 56(f) motion 18 days after defendants' summary judgment motion was filed and has included an affidavit on personal knowledge from her counsel. The court also concludes that the third *Bay View* requirement has been met because plaintiff appears to have been diligent in pursuing discovery and is not responsible for the delay in obtaining the remaining discovery sought.

The more difficult question is that presented by the fourth requirement of *Bay View* – whether plaintiff has set forth a plausible basis for believing that specified facts may be developed through discovery that will influence the outcome of the summary judgment motion. On this issue the court does not agree with one of plaintiff's contentions – that if defendant Millard Mall Services, the Mall's janitorial contractor, was unreasonably slow in removing the milky foreign substance on which plaintiff slipped, it could be held liable.

If the janitorial contractor was not a possessor of the premises where plaintiff was injured, the janitorial contractor did not owe plaintiff a duty of reasonable care. *See Erickson v. Brennan*, 513 A.2d 288, 290 (Me. 1986). There is one exception to this principle – a non-possessor of the premises can be liable if it negligently "creates" a dangerous situation. *E.g., Quirion v. Geroux*, 2008 ME 41 ¶ 10, 942 A.2d 670. The information plaintiff seeks in discovery, however, is not intended to elicit evidence that the janitorial contractor negligently created the dangerous condition. *See* Plaintiff's Rule 56(f) motion at 8-9, 12-13.

However, the discovery sought by plaintiff could conceivably elicit circumstantial or direct evidence that the milky foreign substance was on the floor for a sufficient length of time that defendant GGP – Maine Mall LLC or its agents should have become aware that it

2

presented a dangerous condition. *See Milliken v. City of Lewiston*, 580 A.2d 151, 152 (Me. 1990). In that case there could be a genuine dispute for trial as to GGP's potential liability.

Accordingly, the court will grant plaintiff's Rule 56(f) motion and will stay plaintiff's deadline for responding to defendants' pending summary judgment motion until 21 days after plaintiff has had a reasonable opportunity to depose Travis Hinton, Michael Leary, and Kevin Bahati – the proposed witnesses specifically identified in plaintiff's Rule 56(f) motion. It does not appear that any other discovery would be warranted in order to oppose the motion but if plaintiff contends that additional discovery is necessary and if defendants object, plaintiff may seek a Rule 26(g) conference.

In light of the above ruling the court will extend the discovery deadline for the purpose of allowing plaintiff to conduct the three depositions listed above to January 17, 2017. As a practical matter, this will also necessitate the granting of plaintiff's motion to continue the trial and the extension of he ADR deadline.

The entry shall be:

1. Plaintiff's Rule 56(f) motion is granted to the extent set forth above and the deadline for plaintiff's response to defendants' pending summary judgment motion is extended until 21 days after plaintiff has had a reasonable opportunity to depose the three witnesses listed above. The other relief sought by plaintiff in her Rule 56(f) motion is denied.

2. The discovery deadline is extended to January 17, 2017 for the purpose of conducting the three depositions.

3. The case is continued to the next trial list.

4. The ADR deadline is extended to February 17, 2017.

5. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December __14__, 2016

Thomas D. Warren
Justice, Superior Court

3