STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-15-179

KATHLEEN APPLIN,

Plaintiff,

v.

DEMOULAS SUPER MARKETS, INC.,
and COASTAL LANDSCAPE AND
CONSTRUCTION AND SNOW SERVICES,

Defendants.

ORDER

## I.    Background

### a.  Procedural History

This case involves a dispute over liability for injuries plaintiff Kathleen Applin sustained in a "slip and fall." On September 14, 2015, plaintiff sued defendant Demoulas Super Markets, Inc. ("Market Basket") alleging it its negligence caused her injuries. After Market Basket filed its response to the complaint, plaintiff filed a consented to motion to amend the complaint to add a second defendant, Coastal Landscape Construction and Snow Services ("Coastal"). The court granted the motion on November 16, 2015. The amended complaint alleged Coastal also breached a duty owed to plaintiff and was liable for her injuries.

On April 1, 2016, parties unsuccessfully engaged in mediation. Thereafter, Market Basket filed a consented to motion to extend the deadline for cross-claims and third-party claims to May 15, 2016, which the court granted. On May 20, 2016, Market Basket filed a cross-claim

1

against co-defendant Coastal.[1] Parties initially consented to a motion to extend the deadline for Coastal to file a response to the counterclaims or a dispositive motion to July 1, 2016. The court granted the motion. However, no motions to extend were filed thereafter until August 3, 2016 at which point plaintiff and Market Basket objected to Coastal's new motion to extend. Coastal did not file an answer to the counterclaim, but on September 6, 2016 it filed a so-called "motion to dismiss and/or for summary judgment as to co-defendant Demoulas Super Markets, Inc.'s cross claims." On the same day, it also filed a motion for summary judgment on count II of plaintiff's complaint. Coastal's motion challenging Market Basket's counterclaims incorporates the statement of material facts it filed in conjunction with its motion for summary judgment on plaintiff's claim against it. Thus, it has been converted into a motion for summary judgment. M.R. Civ. P. 12(b).

Plaintiff filed a motion to strike Coastal's motion for summary judgment against it arguing the dispositive motion deadline had passed on July 21, 2016 and no extension had been granted. Market Basket joined in plaintiff's motion to strike. The court denied the motion finding, "even though late filed, there is no pending trial date and no procedural prejudice results." This denial, for all practical purposes, mooted/granted Coastal's now pending motion to extend. There was no opposition filed in response to Market Basket's motion for late entry. Therefore, the motion is granted. The two substantive motions are addressed below.

## II. Discussion

### a. Summary Judgment Standard

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in

---

[1] No one has objected to the late filing. In addition, it looks like the cross-claim was originally received on May 13, 2016, but for some reason (potentially failure to file a summary sheet or failure to pay filing fee) the 13th was crossed out and changed to May 20, 2016 by the Clerk's office.

2

dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. DOT*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case." *Id.* A genuine issue material fact exists when the factfinder must 'choose between competing versions of the truth.' *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.

"Summary judgment is properly granted . . . , if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18. "When, as here, a defendant moves for summary judgment, the plaintiff 'must establish a prima facie case for each element of her cause of action' that is properly challenged in the defendant's motion.'" *Id.* ¶ 8 (quoting *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842).

### b. Motion for Summary Judgment on Count II

#### i. Coastal's Tort Duty

"To survive a defendant's motion for a summary judgment in a negligence action, a plaintiff 'must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages.'" *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶ 10, 26 A.3d 787. Coastal argues it did not owe plaintiff a duty because it was a non-possessor of the land at the time she fell. Plaintiff argues Coastal "had a duty to keep the parking lot reasonably safe for store employees and invitees."[2]

"Whether a plaintiff is owed a duty of care and the scope of that duty are questions of law . . . ." *Davis*, 2011 ME 88, ¶ 13, 26 A.3d 787. "'A non-possessor [of land] who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable

---

[2] To the extent the alleged duty is based in contract, that duty does not give rise to a tort duty. *Davis*, 2011 ME 88, ¶ 16, 26 A.3d 787. Plaintiff has not plead a breach of a contractual duty.

3

harms.'" *Quirion v. Geroux*, 2008 ME 41, ¶ 10, 942 A.2d 670 (quoting *Colvin v. A R Cable Servs.-Me., Inc.*, 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290). In *Davis*, the Law Court further limited that duty "in cases involving injuries sustained as a result of the annual risks posed by winter weather." *Davis*, 2011 ME 88, ¶ 21, 26 A.3d 787. The *Davis* Court explained as follows:

> [I]t is particularly important to consider whether the dangerous hazard was created by the non-possessor's actions or by the natural accumulation of snow or ice. In determining the existence and scope of a duty in cases involving injuries sustained as a result of snow and ice conditions, we are informed by the annual risks created by the relatively harsh winters in Maine and recognize that requiring landowners or non-possessors to fully protect against hazards created by snow and ice [is] simply impracticable.

*Id.* Because plaintiff fails to put forth any evidence that Coastal created the "dangerous hazard" upon which plaintiff fell, she fails to establish that Coastal owed her a duty.[3] Therefore, plaintiff fails to establish a prima facie case of negligence against Coastal.

Coastal motion for summary judgment on count II of the amended complaint is granted.

### c. Motion for Summary Judgment on Counterclaim

#### i. Breach of Contract

"[T]he question of whether there has been a breach of contract is a question of fact." *VanVoorhees v. Dodge*, 679 A.2d 1077, 1080 (Me. 1996). Market Basket's counterclaim against Coastal references the following provisions of their contract:

> 1. Contractor agrees to furnish all labor and materials and to perform all services in a good, workmanlike, and professional manner.
>
> 2. Contractor will remove snow and ice from the parking lot, roadways, sidewalks an emergency exits as specified by Demoulas Supermarkets at the designated location promptly during and after snow and ice storms.
>
> * * *

---

[3] Market Basket argues in its opposition to Coastal's motion for summary judgment on its counterclaims that Coastal's actions did create or at least contribute to the dangerous condition, but plaintiff did not join in those claims.

4

10. During the period of all work performed, the Contractor shall maintain liability insurance coverage to protect the Owner and Contractor against all loss, damage and liabilities caused by the Contractor, its agent or employees. The Contractor shall furnish the owner with an original certificate of insurance appropriately endorsed with the Owner named as an Additional Insured in amounts not less than the following:

> a. Comprehensive General Liability in an amount not less than $1,000,000.00 for injury or death in any one occurrence;

> b. Property Damage Insurance in an amonnt not less than $1,000,000.00 for any occurrence;

11. Contractor Covenants and agrees to hold the Owner, its agents, servants and employees harmless from any claim or loss or damage to the extent arising from the Contractor's negligent performance of its work.

Coastal provided Demoulas with a "Certificate of Liability Insurance" which states in part "Re: Market Basket 220 Mariner Way, Biddeford, ME 04005, 2013 to 2014 snow & ice removal services. Certificate Holder is an Additional Insured with respect to Commercial General Liability only. Contract agrees to hold the Owner, its agents, servants & employees harmless."

Demoulas claims that Coastal's failure to provide it with defense and indemnification constitutes a breach of contract.[4] It also argues that Coastal caused any damages plaintiff suffered and accepted contractual responsibility for winter maintenance and "bears assumption of legal liability for claims related to failure to keep such parking lots in reasonably safe condition for Demoulas's customers . . . [,]" and if judgment is entered against Demoulas then Coastal is liable to Demoulas for breach of contract.

Coastal argues it did not breach the contract in regards to its obligation to insurance because it provided a certificate of insurance that named Demoulas as an additional insured. Coastal also argues that it fully performed its snow plowing duties under the contract and is not

---

[4] Demoulas also notes the failure of the insurer to provide defense and indemnification, but did not name the insurer as a defendant. The insurer is not a party to this action. Thus, any alleged breach of the insurance contract is not before the court.

5

liable to Demoulas for breach of contract if judgment is entered against Demoulas on plaintiff's negligence claim. In support of this argument it states it applied six yards of salt and five bags of calcium on the evening of December 23, 2013 and applied an additional three yards of salt and three bags of calcium on the morning of December 24, 2013. (CSMF ¶¶ 14-17, 19-20, 22-25.) Coastal also quotes Demoulas's store manager as saying the parking lot was "well-salted" and he did not tell Coastal about the incident because there was "nothing to complain about." Whether Coastal "perform[ed] all services in a good, workmanlike, and professional manner" when it treated the parking lot the night and morning before plaintiff's fall or failed to do so such that it breached the contract is a question of fact not properly determined at this stage. Thus, Coastal's motion for summary judgment on Market Basket's counterclaim is denied as to the breach of contract claim.

### ii. Contribution

> Contribution and indemnity are variant remedies used when required by judicial ideas of fairness to secure restitution. Although similar in nature and origin and having a common basis in equitable principles, they differ in the kind and measure of relief provided. Contribution requires the parties to share the liability or burden, whereas indemnity requires one party to reimburse the other entirely. Differing thus in their effect, these remedies are properly applicable in different situations. Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties.

*Roberts v. American Chain & Cable Co.*, 259 A.2d 43, 50 (Me. 1969) (quoting *Hendrickson v. Minnesota Power & Light Company*, 1960, 258 Minn. 368, 104 N.W.2d 843, 847).

"Modern contribution actions between tortfeasors . . . contain two significant components." *Thermos Co. v. Spence*, 1999 ME 129, ¶ 11, 735 A.2d 484. "The first component involves the determination of the contribution defendant's liability for damages to the original injured party." *Thermos Co.*, 1999 ME 129, ¶ 11, 735 A.2d 484. "[A] contribution action has at its core the

6

determination of liability for the original injury. A defendant in a contribution action cannot be required to contribute to damages owed by another tortfeasor unless the contribution defendant has been found to have been a cause of the damages to the original injured party through the contribution defendant's own negligence." *Id.* ¶ 13. "The second component in a contribution action involves the apportionment of financial responsibility between or among tortfeasors." *Thermos Co.*, 1999 ME 129, ¶ 14, 735 A.2d 484. As previously stated, Coastal is not liable to plaintiff in tort. Therefore, Demoulas does not have a right to contribution from Coastal. Therefore, Coastal's motion for summary judgment on Market Basket's counterclaim is granted as to the claim for contribution.

### iii. Indemnification

Coastal's argument that Demoulas's is not entitled to indemnification rests on its argument that it did not breach the contract.[5] Because, as noted above, the court finds the factfinder must determine whether Coastal breached the contract with Demoulas, it denies the motion for summary judgment as to the claim for indemnification.

## III. Conclusion

In consideration of the foregoing, defendant Coastal's motion to extend is GRANTED. Defendant Market Basket's motion for late entry is GRANTED. Defendant Coastal's motion for summary judgment on count II of plaintiff's amended complaint is GRANTED. Defendant

---

[5] Coastal has not challenged whether the contract provides for indemnification. Therefore, that issue is not addressed here except for a quick note that the contract does not include the word "indemnification." The relevant provision states as follows: "Contractor Covenants and agrees to *hold* the Owner, its agents, servants and employees *harmless* from any claim or loss or damage to the extent arising from the Contractor's negligent performance of its work." (emphasis added). It is unclear under Maine Law whether the terms "indemnification" and "hold harmless" achieve the same result or are distinct terms. *See Doyle v. College*, 403 A.2d 1206, 1209 (Me. 1979) (holding that a contract provision was not an indemnification clause noting that "[t]erms such as 'indemnify', 'reimburse' or 'hold harmless' are absent").

7

Coastal's motion for summary judgment on defendant Market Basket's cross-claim is GRANTED IN PART and DENIED IN PART.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

DATE: May 15 2017

John H. O'Neil, Jr.
Justice, Maine Superior Court

ENTERED ON THE DOCKET ON: 5/15/17

8

ALFSC-CV-15-179


ATTORNEY(S) FOR PLAINTIFF

JOHN MCARDLE, ESQ.
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597




ATTORNEY FOR DEFENDANT, MARKET BASKET:

JOHN CURRAN, ESQ.
CURTIN MURPHY & O'REILLY, PC
20 TRAFALGAR SQUARE, SUITE 201
NASHUA NH 03063




ATTORNEY FOR DEFENDANT, COASTAL LANDSCAPE
AND CONSTRUCTION AND SNOW SERVICES

L. JOHN TOPCHIK, ESQ.
LAW OFFICES OF JOHN B. SCHULTE
511 CONGRESS ST, 8TH FLOOR
PORTLAND ME 04112