STATE OF MAINE
AROOSTOOK, ss.

SUPERIOR COURT
LOCATION: Caribou
Docket No. CARSC-CV-2020-015

Gail Carlson and Cathy L. Carlson, )
Individually and jointly as Guardians )
On Behalf of Patsy A. Carlson, an )
Incapacitated person, )
                Plaintiff )
v. )
                 )
Halley R. Kelley )
And )
DASCO, Inc., )
          Defendants )

ORDER ON MOTIONS
IN LIMINE and
PROCEDURAL ORDER

Currently pending before the Court are four (4) Motions in Limine filed by the Defendants that were contested. The Court has reviewed the motions, the objections, the replies, and considered the arguments of counsel presented at the Zoom hearing on January 25, 2022. The Court issues the following orders related to the Motions in Limine:

1. *DASCO's Motion in Limine to Exclude Expert Testimony of Kyle White.* In its motion, DASCO seeks to limit rather than entirely exclude the expert testimony of Kyle White. There is no dispute that Kyle White does have experience and training in the area of accident reconstruction. He will therefore be able to testify to matters within his area of expertise regarding the accident, which shall include the impact of any obstructions, including any snowbanks, on the line of sight of either motorist. What is lacking on this record is evidence that Kyle White has experience or training in the area of snow removal. **DASCO's Motion is granted**. Absent sufficient evidence of experience or training in the area of snow removal, Kyle White will be prohibited from offering expert testimony as to snow removal techniques, standards, or safety practices.

2. *Kelley's Motion in Limine to Exclude Reference to the Maine Motorist Handbook.* In her motion, Kelley is seeking to exclude the Maine Motorist Handbook (hereinafter "the Handbook") from being referenced or admitted at trial. As the court understands it, Plaintiff is seeking to introduce the Handbook for purposes of providing the jury with basic safety concepts related to stopping distances or response times. Kelley contends that the Handbook is irrelevant, would confuse the issues or mislead the jury, and is inadmissible hearsay. The court notes at the outset that Plaintiff's response references the "most recent edition" and there is no evidence in this record as to whether Kelley was aware of the information contained in this document, at any time. More significantly, Plaintiff did not dispute the contention that the designated experts for this case took issue with the accuracy of the stopping distances set forth in the Handbook. The court is concerned that the Handbook is general information, that does not account for the various particular circumstances in this case related to speed, weight of the vehicle, road condition, slope or grade, tires, etc. The probative value of this general information, not tied to the circumstances in this case, is substantially outweighed by a danger of confusing the issues or misleading the jury. *M.R.Evid. 403.* **Kelley's Motion is granted**. The Maine Motorist Handbook shall not be referenced or admitted at trial regarding stopping distances or response times.

3. *Kelley's Motion in Limine to Exclude Reference to the Severity of Plaintiff's Injuries in Relation to the Speed of Defendant's Vehicle.* In her motion, Kelley seeks to exclude evidence of or testimony regarding the allegation that Plaintiff's injury pattern would be different, resulting in less severe injuries, had Defendant Kelley been traveling at a lower speed. Plaintiff's response makes clear that Plaintiff is not seeking to have either accident reconstructionist testify regarding different *injuries* that might have been sustained at different speeds or points of impact, as that is clearly outside their area of expertise. Rather they may be asked to testify regarding vehicle positioning and stopping

distances at different speeds, which is within their area of expertise. How that testimony about factors not present in this accident would assist the jury in determining the degree of negligence attributable to each party in this case is unclear to the court. Clearly, testimony as to what *did* occur including the vehicle speeds, positioning, and stopping distances as well as the injuries actually sustained, would assist the trier of fact. Further, there has been no expert designated to testify about potential injuries that could have been sustained had the accident occurred differently. To the extent that Kelley's motion seeks to exclude evidence regarding injuries that might have been sustained had the accident occurred differently, **Kelley's Motion is Granted**. Beyond that, the **Motion is denied**.

4. *Kelley's Motion in Limine to Limit Recovery of Medical Bills Paid by Medicare/Medicaid/MaineCare to the Amount Paid.* In her Motion, Kelley is seeking to limit the evidence regarding medical expenses to the amount actually paid by Medicare, Medicaid and/or MaineCare. Plaintiff contends that this would violate the collateral source rule. *Werner v. Lane,* 393 A.2d 1329, 1336 (Me. 1979). The court finds the reasoning set forth in the Order in *Gilbert v. Lembark, CV-11-31* (Stokes, J.) persuasive. **Kelley's Motion is Granted, in part**. Evidence of both the amount billed and the amount actually paid for medical services will be allowed, except as to the identity of the payer.

TRIAL PREPARATION: The court generally uses jurors for two-month terms. Each term begins with juror orientation, including completion of juror questionnaires. To move this matter to trial, the court intends to include *case specific* questionnaires to identify those jurors that would be excused for particular cases due to our limitations regarding spacing and capacity. Each party shall file with the court their trial exhibit and trial witness lists, and any requested voir dire for jury selection by **MARCH 18, 2022**.

The clerk is directed to include this matter in our **Trial Management Conferences** for the end of **March, 2022,** to allow us to identify jury selection and trial dates.

The clerk is instructed to incorporate this Order by reference into the docket pursuant to M.R.CIV.P. 79(a).

Dated: 02/07/2022

Justice, Maine Superior Court

STATE OF MAINE                              SUPERIOR COURT
AROOSTOOK, ss.                              LOCATION: Caribou
                                            Docket No. CARSC-CV-2020-015

Gail Carlson and Cathy L. Carlson,        )
Individually and jointly as Guardians     )
On Behalf of Patsy A. Carlson, an         )
Incapacitated person,                     )
                            Plaintiff      )      ORDER ON DEFENDANT
v.                                        )      DASCO'S MOTION FOR
                                          )      SUMMARY JUDGMENT
Halley R. Kelley                          )
And                                       )
DASCO, Inc.,                              )
                            Defendants    )

Currently pending is a Motion for Summary Judgment filed by Defendant DASCO, Inc. as to claims asserted against DASCO, Inc. by Plaintiffs and the crossclaim against DASCO, Inc. filed by Defendant Haley R. Kelley. Plaintiff has filed an objection to the motion with additional material facts. Defendant thereafter filed a reply memorandum to the objection submitted by Plaintiff. After review of the motion, objection, and reply, as well as a nontestimonial hearing on the motion on November 2, 2021, the court enters the following order:

In this matter, some of the base factual allegations related to the collision that are referenced throughout the motion are not in the form of an affidavit as required by Rule 56. *Me. R. Civ. P. 56* ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").

Pursuant to 29-A M.R.S. §2251(7), [a] report or statement contained in the accident report, or a report as required by subsection 2 [of section 2251], a statement made or testimony taken at a hearing before the Secretary of State held under section 2483, or a decision made as a result of that report, statement or testimony *may not be admitted* in evidence in any trial, civil or criminal, arising out of the accident." The court must disregard DASCO's Statement of Material Facts at paragraphs 1, 2, 3, 5, 6, 10, and 15 as those statements are solely based upon the police report from the accident. However, after parsing the admissible factual assertions, the court was able to assemble the background facts necessary in order to address the Motion for Summary Judgment.

## BACKGROUND

The property located at 188 State Road Presque Isle, Aroostook, Maine, is owned by a trust controlled by Gail Carlson (hereinafter "the Carlson property"). *DSMF at 4; POSMF at 4.* DASCO, Inc. (hereinafter "DASCO") is a family-owned agricultural company located in Presque Isle, Maine, that offers a wide range of services, among which are snow plowing and removal services. *DSMF at 19; POSMF at 19.* DASCO did snow plowing at the Carlson property in February and March of 2018. *PSAMF at 36; DRPAMF at 36.* Having worked for Gail Carlson for over two and a half years, Gail Carlson often talked about the snowbanks, as a source of her annoyance and aggravation every time it snows. *PSAMF at 39; DRPAMF 39.* Gail Carlson was quick to call DASCO every time the state Department of Transportation pushes the snow up a little higher & a little more in her driveway. *PSAMF at 39; DRPAMF 39.*

It was the common practice of the Carlson residents to pull up to the end of the driveway past the snowbanks in order to see before pulling into the roadway. *DSMF at 13; POSMF at 13.* On March 3, 2018, Haley Kelley was traveling toward Mantle on the State Road hill and her vehicle collided with a vehicle pulling out of the driveway of the Carlson property. *PSAMF at 31 and 38; DRPAMF at 31 and 38.* Haley Kelley was speeding immediately prior to the collision. *PSAMF at 32; DRPAMF at 32.*

As it relates to DASCO, Plaintiff's claim focuses on the snowbanks and snow removal activities on the Carlson Property. DASCO claims that it did not create the snowbank at the mouth of the driveway that is at issue in this case. DASCO contends that the bank was created by the State plow trucks. *DSMF at 23; see also, PSAMF at 39, 40, 41, and 46.* Plaintiff contends that the snowbank in question was created by DASCO. *PSAMF at 90.*

There is a further factual dispute as to whether DASCO altered the snowbank that existed at the mouth of the driveway at the time of the collision. There is a factual dispute as to whether the snowbank obstructed the view from the driveway and if so, whether that contributed to the collision.

DASCO argues it did not owe plaintiff a duty because it was a non-possessor of the land at the time the Plaintiff exited the driveway immediately prior to the collision and it did not create the allegedly dangerous condition related to the snowbank. Plaintiff argues DASCO "had a duty to keep her safe" and that DASCO created the allegedly dangerous condition related to the snowbank.

## Standard of Review

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Me. R. Civ. P. 56*. The review is limited and the facts must be considered in the light most favorable to the non-moving party. *Mahar v. StoneWood Transport*, 2003 ME 63 ¶8, 823 A.2d 540. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. *Gagne v. Stevens*, 1997 ME 88, 696 A.2d 411 (Me. 1997)(No matter how improbable the opposing party's chance of prevailing at trial, the court cannot decide an issue of fact at the summary judgment stage).

"To survive a defendant's motion for a summary judgment in a negligence action[1], a plaintiff 'must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages.'" *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶ 10, 26 A.3d 787.

---

[1] Although there are references in the record to the contractual relationship between the Trust and DASCO related to the snow removal, the complaint only asserts a claim of negligence against DASCO.

"Whether a plaintiff is owed a duty of care and the scope of that duty are questions of law ...." *Davis*, 2011 ME 88, ¶ 13, 26 A.3d 787. In the context of premises liability cases, the existence of a duty generally runs on the question of possession. Plaintiff's contention that DASCO manifested an intention to have control over the Carlson property such that it would give rise to a duty is not supported by the record. The Trust did not turn over the entire charge of the land to DASCO. Rather, DASCO was an independent contractor that was hired to do the specific task of conducting snow removal activities on the Carlson property. *Compare, Pelletier v. Fort Kent Golf Club*, 662 A.2d 220 (Me. 1995) and *Restatement (Second) of Torts § 387* (1979)(Comment). As a relates to this case, DASCO was a non-possessor of the land in question.

"'A non-possessor [of land] who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms.'" *Quirion v. Geroux,* 2008 ME 41, ¶ 10, 942 A.2d 670 (quoting *Colvin v. A R Cable Services-Me,* 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290). In *Davis*, the Law Court further limited that duty "in cases involving injuries sustained as a result of the annual risks posed by winter weather." *Davis,* 2011 ME 88, ¶ 21, 26 A.2d 787, The *Davis* Court explained as follows:

> [I]t is particularly important to consider whether the dangerous hazard was *created* by the non-possessor's actions or by the *natural accumulation of snow or ice*. In determining the existence and scope of a duty in cases involving injuries sustained as a result of snow and ice conditions, we are informed by the annual risks created by the relatively harsh winters in Maine and recognize that requiring landowners or non-possessors to fully protect against hazards created by snow and ice [is] simply impracticable.

*Id. (Emphasis added).* This is not a case where the alleged dangerous hazard was ice under snow that was removed as in *Davis*, but the piling of snow in the process of its removal in such a way as to create a hazardous condition. A factual determination must be made as to whether or not DASCO created the snowbank in question and whether the snowbank as created was a hazardous condition. As noted above, the court is not permitted at the summary judgment stage to make factual determinations or credibility assessments from competing affidavits or depositions. A genuine issue of material fact exists as to the creation of the snowbank in question.

DASCO has also raised an issue as to whether the snowbank was in fact the proximate cause of the accident. DASCO points out that the operator of the car has no recollection of the events leading up to the collision. "In order to recover for damages in a cause of action for negligence or for any other tort, a plaintiff must establish that there is 'some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered.'" *Houde v. Millett*, 2001 ME 183, P10, 787 A.2d 757, 759 (quoting, *Crowe v. Shaw*, 2000 ME 136, PP 8-9, 755 A.2d 509, 512 (quoting William L. Prosser, *The Law of Torts* § 41, at 236 (4th ed. 1971)).

The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, reserved for the jury's determination. Proximate cause contains two elements, substantiality and foreseeability. *Tolliver v. Department of Transportation*, 2008 ME 83 ¶42, 948 A.2d 1223, 1236 (Me. 2008).

> "Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the

injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence."

*Id.* (quoting, *Merriam v. Wanger*, 2000 ME 159, ¶9, 757 A.2d 778, 780 (Me. 2000).

Unlike *Addy v. Jenkins*, 2009 ME 46, ¶12, 969 A.2d 935 (Me. 2009), in this matter there was another witness to the incident. Haley Kelley stated that, despite looking ahead, she did not see Carlson or her car until after the collision. *PSAMF* ¶27. Although a jury might determine that despite the presence of the snowbank, a person exiting the Carlson property could do so safely by proceeding slowly and exercising vigilance, a jury might conclude that the snowbank played a substantial part in bringing about the collision. *See, Astbury v. Drew*, 2004 Me. Super LEXIS 67 (Penobscot County – CV-02-441). These questions of fact are material to the outcome of this case. The allegations presented require an assessment of the evidence at trial and credibility determinations by the finder of fact.

As there remain genuine issues of material fact, DASCO's Motion for Summary Judgment as to Plaintiff's Complaint and Defendant Kelley's crossclaim is DENIED.

The parties have exhausted all good faith efforts to try to resolve this matter by way of mediation. This matter shall proceed to trial. The clerk shall schedule the matter for a trial management conference and send notice. The Clerk is directed to enter this Order on the Docket by notation, incorporating it be reference.

Dated: 11/19/2021

_____
Justice, Maine Superior Court