STATE OF MAINE
PISCATAQUIS COUNTY, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2022-0004

ZACHARY KELLEY,

          Plaintiff,

    v.

MOOSEHEAD WOOD COMPONENTS,
INC., doing business as MOOSEHEAD
CEDAR LOG HOMES,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER on PLAINTIFF'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT

Before the Court is Plaintiff Zachary Kelley's motion for partial summary judgment pursuant to M.R. Civ. P. 56, in a case arising out of injuries he suffered on the premises of Defendant Moosehead Wood Components, Inc.. Kelley seeks summary judgment on the issues of Moosehead's liability for negligence and its asserted defense of comparative negligence, primarily based on certain admissions of fault made by an employee of Defendant. Because the Court finds that genuine issues of material fact remain unresolved notwithstanding those admissions, Plaintiff's motion must be **DENIED**.

## I.    FACTUAL BACKGROUND

This case stems from an accident that occurred at a lumber mill. The following facts are undisputed and are taken from the Summary Judgment record, unless noted otherwise:

Moosehead Wood Components, Inc. is a Maine corporation that does business as Moosehead Cedar Log Homes. (Supp.'g S.M.F. ¶ 1.) Moosehead manufactures and sells cedar log home kits and, as of the date of the incident, operated a lumber mill in Greenville, Maine. (Supp.'g S.M.F. ¶¶ 2-3.) Kelley was working for his employer on June 24, 2021, when he went to Moosehead's mill to return a defective log from a Moosehead kit. (Supp.'g S.M.F. ¶¶ 2, 4.) On that

1

day, Kenneth Peat, an employee of Moosehead, assisted Kelley with getting a replacement for the defective log. (Supp.'g S.M.F. ¶¶ 5-8.) Kelley would not have known that he could be injured while standing in the mill waiting for the replacement log.[1] (Supp.'g S.M.F. ¶ 26.) While Peat operated a machine to cut the replacement log to specifications for Kelley, the log was ejected from the machine. (Supp.'g S.M.F. ¶ 9.) The ejected log struck Kelley, causing him injury. (Supp.'g S.M.F. ¶¶ 9-10.)

Peat, who rarely operated and had received no training on the machine, later examined the ejected log and identified nothing about it that would cause the machine to eject it. (Supp.'g S.M.F. ¶¶ 11-13.) Peat said that his failure to properly close an air clamp caused the machine to eject the log. (Supp.'g S.M.F. ¶ 17.) Troy Owens, the manager of the mill, also examined the machine after Kelley's injury and found nothing mechanically wrong with it. (Supp.'g S.M.F. ¶¶ 15-16.) When Owens spoke with Peat about the incident, Peat accepted responsibility for the incident. (Supp.'g S.M.F. ¶ 17.) Owens agrees that Peat improperly clamped the log. (Supp.'g S.M.F. ¶ 18.) Peter Silver is the safety manager of Pleasant River Lumber, the company that owns Moosehead, and his duties include overseeing Moosehead. (Supp.'g S.M.F. ¶ 19.) After Kelley's injury, Silver inspected the Moosehead mill and the machine that ejected the log. (Supp.'g S.M.F. ¶¶ 20-21.) Silver identified nothing about the machine that would cause the machine to eject the log. (Supp.'g S.M.F. ¶ 21.) When Silver spoke with Peat about the incident, Peat said that he had improperly clamped the log, and Silver concluded that this was what had caused Kelley's injury. (Supp.'g S.M.F. ¶¶ 22-23.)

Not resolved on the record is what could have caused the log's ejection. While Peat testified that his failure to properly clamp the log caused the machine to eject it, Peat also testified that a

---

[1] For clarity, the Court notes that while Kelley raised an objection to a supposed qualification by Moosehead of paragraph 26 of the supporting statement of material fact, Moosehead admitted paragraph 26, so Kelley's objection is moot. (Supp.'g S.M.G. ¶ 26; Opp. S.M.F. ¶ 26; Reply S.M.F. ¶ 26.)

2

knife blade on the machine was broken and that he did not know if this played a role in the incident. (Supp.'g S.M.G. ¶ 14; Opp. S.M.F. ¶ 14; Reply S.M.F. ¶ 14.)

Also disputed is whether Kelley put himself at risk by standing in a dangerous location while the log was being cut. Moosehead denies that Kelley was standing within what was considered to be the "zone-of-danger" for the machine.[2] (Supp.'g S.M.G. ¶ 24; Opp. S.M.F. ¶ 24; Reply S.M.F. ¶ 24.) Moosehead also disagrees with Kelley's statement that he "did nothing wrong to cause his injury" by introducing facts which suggest that Kelley might have been standing in a place that he should not have been standing while Peat operated the machine. (Supp.'g S.M.G. ¶ 25; Opp. S.M.F. ¶ 25; Reply S.M.F. ¶ 25.)

## II. PROCEDURAL POSTURE

On March 3, 2022, Kelley filed his complaint. On October 13, 2022, Kelley filed this motion for partial summary judgment and accompanying statement of material facts. Moosehead filed for an extension to file its opposition on October 31, 2022, which the Court granted. On November 16, 2022, Moosehead timely filed its opposition and statement of material facts, and on November 21, 2022, Kelley timely filed his reply and statement of material facts. Being fully briefed, the motion is now in order for decision.

---

[2] Moosehead's Denial of Kelley's statement of material fact as to the "zone-of-danger" is based on the argument that the transcript lines cited to in the original statement "do not support the alleged material fact." (Opp. S.M.F. ¶ 24.) Kelley introduces new facts in his reply statement, citing to further portions of the transcript. (Reply S.M.F. ¶ 24.) However, this is not the appropriate use of a reply statement of material facts. M.R. Civ. P. 56(h)(3) (providing that the reply must be "limited to the additional facts submitted by the opposing party"); *see also Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 11, 824 A.2d 48 ("[T]he moving party can prepare a reply statement of material facts in which the moving party admits, denies, or qualifies the additional facts, providing record citation support for each denial or qualification."). "While rule 56(h)(3) contemplates a reply statement of facts by the moving party supported by record citations, that is generally intended to allow the movant to place opposing factual assertions in context and is not an opportunity to argue for summary judgment based on new facts to which the opponent has not had an opportunity to respond." *Tyll LLC v. Sara Sullivan LLC*, No. CV-17-99, 2017 Me. Super. LEXIS 304, at *2 (Apr. 11, 2017); *Wiley v. Mark Stimson Assocs.*, CV-99-558, 2001 Me. Super. LEXIS 139, at *4 n.4 (June 29, 2001) ("Rule 56(h)(3) . . . permits a reply statement of material facts when a party opposing summary judgment has not limited itself to controverting the facts set forth in the movant's [statement of additional facts] however, a . . . reply statement is not a vehicle to offer new facts in support of the motion but instead an opportunity to show that the additional facts offered in opposition are not material or do not raise a genuine dispute."). Here there were no additional facts for Kelley to admit, deny, or qualify. Kelley only seeks to add in more facts to support his initial contention in paragraph 24 of his statement of material facts, which is not allowed under the rules.

## III. SUMMARY JUDGMENT STANDARD

An entry of summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See Dyer v. DOT*, 2008 ME 106, ¶ 14, 951 A.2d 821; *see also* M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a factfinder to choose between competing versions of the fact." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (citations omitted). At summary judgment, a court reviews the evidence in the light most favorable to the non-moving party. *See Curtis v. Porter*, 2001 ME 158, ¶ 6, 784 A.2d 18. "[T]o survive a summary judgment on an action alleging negligence, the plaintiff must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages." *Boivin v. Somatex, Inc.*, 2022 ME 44, ¶ 11, 279 A.3d 393 (quoting *Quirion v. Geroux*, 2008 ME 41, ¶ 9, 942 A.2d 670).

## IV. DISCUSSION

### A. A Genuine Issue of Material Fact Remains as to Moosehead's Liability.

Kelley argues that the sole and proximate cause of his injury was Peat's failure to properly clamp the log in the machine before operating it. (Pl.'s Mot. Summ. J. 3-4.) A genuine issue of material fact is generated by testimony from Peat that the log might have been ejected because a knife blade on the machine was broken. (Supp.'g S.M.G. ¶ 14; Opp. S.M.F. ¶ 14; Reply S.M.F. ¶ 14.) This issue must be referred to the factfinder.

### B. A Genuine Issue of Material Fact Remains as to Kelley's Comparative Negligence.

Kelley also argues that the defense of comparative negligence must fail because the sole and proximate cause of his injury was Peat's failure to clamp the log properly. (Pl.'s Mot. Summ. J. 4.) Disputed elements of the record undermine this assertion. There is a genuine issue of fact as to

4

whether Kelley was hurt in part because he positioned himself negligently. (Supp.'g S.M.G. ¶¶ 24-25; Opp. S.M.F. ¶¶ 24-25; Reply S.M.F. ¶¶ 24-25.) This issue must also be referred to the factfinder.

## V.    CONCLUSION

Mr. Peat's admissions may prove to be decisive at trial. Plaintiff's argument that his comments about where he stood when he was hit were the product of shock, rather than an actual admission, may also be persuasive. This court cannot evaluate the relative weight of evidence, however, and therefore must deny Kelley's motion.

**Entry is:**

Plaintiff Zachary Kelley's motion for partial summary judgment is **DENIED**.

The clerk is directed to incorporate this order into the docket, by reference, pursuant to M.R. Civ. P. 79(a).

May 15, 2023
Date

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court

5